**In re Gordon Floyd RAYMOND, Debtor.**

**Bankruptcy No. 4–86–3029.**

United States Bankruptcy Court, D. Minnesota.

March 20, 1987.

Patrick B. Hennessy, of Best & Flanagan, Minneapolis, Minn., for trustee.

Steven B. Nosek, of Wagner, Johnston & Falconer, Ltd., Minneapolis, Minn., for debtor.

## ORDER DENYING EXEMPTION

MARGARET A. MAHONEY, District Judge.

This matter came on for hearing on February 3, 1987, on the motion of the trustee objecting to debtor's claimed exemptions. Specifically, the trustee objects to the debtor's claim that a $19,000 annuity purchased from First Colonial Insurance Company is exempt under Minn.Stat. § 550.37, subd. 24. The trustee further requests that I determine that the debtor's exemption with regard to his homestead property is limited to one-half acre.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157 and Local Rule 103(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FACTS

Debtor filed a petition under Chapter 7 of the Bankruptcy Code on October 9, 1986. Debtor is 73 years of age and married. Mrs. Raymond has not filed a bankruptcy petition. Sometime shortly before filing his petition the debtor stepped in to provide financial support for his son's failing company, Total Transportation, Inc., a Minnesota corporation engaged in the trucking business. When Total Transportation began to falter, Mr. Raymond heeded his son's requests and paid liabilities of Total Transportation that totaled over $265,000.

On October 9, 1986, the same day the petition in this matter was filed, the debtor and his wife purchased the annuity in question at a cost of $19,000. It pays the Raymonds thirty-six monthly installments of $566.97. It was purchased from assets jointly owned by the debtor and his wife. The assets resulted from the sale of the Raymonds' automobile and certain stock. The trustee concedes that Mrs. Raymond's interest in the annuity is not property of the debtor's estate and is beyond the reach of this court.

Mr. Raymond and his wife also jointly own real estate which is their homestead. The property is an irregular parcel shaped like a wedge of pie. The parties have stipulated that the property is 1.256 acres in size and is located within the boundaries of an incorporated city.

## DISCUSSION

### M.S.A. § 550.37, Subd. 24

Debtor claims that the $19,000 annuity contract purchased from First Colonial Insurance Company is exempt under Minn. Stat.Ann. § 550.37, subd. 24 (West Supp. 1987). This section, as amended in 1985, defines the employee benefits of a debtor which are exempt as follows:

Subd. 24. Employee benefits. The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

The first issue is whether Mr. Raymond's share of the annuity purchased from First Colonial is an exempt asset under M.S.A. § 550.37, subd. 24. It is the burden of the trustee to prove that the exemption is not properly claimed. Bankruptcy Rule 4003(c).

This issue poses a question of statutory construction. In interpreting statutes, a court's function "is to construe the language so as to give effect to the intent of [the legislature.]" *Commercial Mtge. Ins.*

*Inc. v. Citizens Nat'l Bank of Dallas,* 526 F.Supp. 510, 514 (D.C.Tex.1981) *citing United States v. Amer. Trucking Ass'ns.,* 310 U.S. 534, 542, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940).

Mr. Raymond claims that the First Colonial annuity is exempt under state law exemptions. While subdivision 24 does list the term "annuity" in that part of the statute listing exempt assets, it does not decide the issue.

The heading of subdivision 24 is "Employee benefits." While statutory headnotes are not part of the statute, Minn.Stat. Ann. § 648.15 (West 1947), there are strong indications that the legislature intended only to exempt those listed assets which derived from an employment relationship or from self-employment endeavors.

As I stated in *In re Schuette,* "Minnesota law does not independently define stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity or simplified employee pension plans." 58 B.R. 417, 421 (Bktcy.D. Minn.1986). "Therefore, the federal definitions of those terms must necessarily be used in interpretation of M.S.A. § 550.37, subd. 24." *Id.* Under federal law, "[s]tock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity or simplified employee pensions ... require wages to be earned to allow plan contributions by an employer and/or employee and/or self employed person" under 29 U.S.C. § 1002(2)(A). *Id.* This indicates a Congressional intent to tie annuity contributions to an employment relationship. Similarly, because M.S.A. § 550.37, subd. 24 parallels the Congressional statute, I find that the Minnesota legislature had a similar intent. *Compare* 29 U.S.C. § 1002(2)(A).

■ Mr. Raymond's purchase of his share of the annuity did not stem directly from an employment relationship or any self-employment endeavor. The monies used to purchase the annuity came from the sale of an automobile and certain stock. Although the assets used to purchase the annuity can ultimately be traced to the fruits of the debtor's labors, such tracing is

allowed only when the source itself is exempt. Minn.Stat.Ann. § 550.37, subd. 20 (West Supp.1987). To allow an exemption simply because the money used to purchase the annuity was at one time earned income stemming from an employment relationship or self employment endeavor would only create an exemption which would swallow the entire rule.

Second, the annuity also fails that portion of the statute which relates to "illness, disability, death, age, or length of service". M.S.A. § 550.37, subd. 24. The annuity in question has no relationship with any of these criteria. The annuity is a simple contract purchased by the Raymonds which pays back principal plus interest for a set period of three years. Furthermore, there are no restrictions on its transferability.

Therefore, I find that Mr. Raymond's share of the First Colonial annuity is not exempt under M.S.A. § 550.37, subd. 24 because it does not fit any category of exemptable employee benefits and because it is not payable "on account of illness, disability, death, age, or length of service."

### *Homestead Issue*

■ Finally, under Minn.Stat. §§ 510.01 and 510.02 an individual debtor may exempt up to one-half acre of his homestead from the property of the bankruptcy estate. *O'Brien v. Heggen,* 705 F.2d 1001, 1002–03 (8th Cir.1983); *Title Insurance Company of Minnesota v. Agora Leases, Inc.,* 320 N.W.2d 884, 885 (Minn.1982). Minnesota law further provides that Mr. Raymond can be required to make a specific selection of the property he chooses to exempt as his homestead. Minn.Stat.Ann. § 510.09 (West 1979).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. The objection of the trustee to the exemption of Mr. Raymond's share of the First Colonial Insurance Company annuity is sustained and Mr. Raymond is ordered to turn over to the trustee his portion of the annuity.

2. The objection of the trustee to Mr. Raymond's homestead exemption is sus-

tained to the extent that Mr. Raymond is entitled to select one half of an acre as exempt homestead property under Minnesota law. Mr. Raymond is hereby ordered to select his exemption pursuant to Minn. Stat. §§ 510.01–510.09.