# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 96-1200
_____

George Deretich,                          *
                                          *
        Plaintiff,                        *
                                          *
    v.                                    *
                                          *
City of St. Francis; St.                  *
Francis City Council Members              *
from 1980 until the present;              *
Steven Braastad; Robert                   *
Patterson; Raymond Steinke;               *
Dale      Frederikson;      Carol      Berg;
    *
Walt      Hiller;      Williams      Hawkins,
    *
i n d i v i d u a *l l y   and in his
    Appeal from the United States
representative      capacity      of      St.
    *    District Court for the
F r a n c i s      C i t y      A t t o r n e y ;      M a t e f f y
    *    District of Minnesota
E n g i n e e r i n g      &      A s s o c i a t e s ,      I n c . ,
    *
individually and in its        *
representative      capacity      of      St.
    *
F r a n c i s      C i t y      E n g i n e e r ;      S h a r o n
    *
F u l k e r s o n ,      i n d i v i d u a l l y      a n d      i n
    *
h e r      r e p r e s e n t a t i v e      c a p a c i t y      o f
    *
St. Francis City Clerk;         *
S t e p h e n      M .      K l e i n ,      i n d i v i d u a l l y
    *
and in his representative       *

capacity of St. Francis City *

Planner; Marvin E. Gustafson; *

Burke and Hawkins; Barna, Guzy *

Merrill, Hynes, and Giancolo, *

Ltd.; Richard Merrill; Steffen, *

Munstenteiger, Bearse, Beens, *

Parta, and Peterson; Ronald  *
Peterson:   Lester  Mateffy;  First
   *
National   Bank,   of  Anoka;  Steve
   *
Schmitt,   individually   and   in   his
   *
representative   capacity   of  First
   *
National Bank of Anoka   *
Commercial Loan Officer;  *
Gramont   Corporation,   a   Minnesota
   *
corporation,
   *
                   *

     Defendants   -   Appellees,
  *
                   *
  v.               *
                   *
Deretich & Timmons, P.A.;  *
George Deretich,       *
                   *
     Third   Party   Defendants,
  *
                   *
Mary Sarazin Timmons,   *
                   *
Third   Party   Defendant-Appellant.
  *

_____

Submitted:  December 13, 1996

Filed:   October 27, 1997

_____

-3-

Before McMILLIAN and MAGILL, Circuit Judges, and WEBBER,[*]
District      Judge.

---

[*]The Honorable E. Richard Webber, United States District
Judge for the Eastern District of Missouri, sitting by
designation.

_____

McMILLIAN, Circuit Judge.

Appellant Mary Sarazin Timmons (Sarazin) appeals from a final order entered in the United States District Court[1] for the District of Minnesota, affirming the order of the United States Magistrate Judge,[2] in favor of Sarazin's judgment creditors (appellees) on their post-judgment motion pursuant to Fed. R. Civ. P. 69(a)[3] for a transfer of Sarazin's rights, title, and interest in employee benefits earned by her former husband, Martin Timmons (Timmons), which Sarazin received in a property settlement upon the dissolution of their marriage. City of St. Francis v. Deretich, No. 3-83-942 (D. Minn. Dec. 20, 1995) (district court order), aff'g id. (Aug. 11, 1995) (magistrate judge's order) (hereinafter "slip op."). For reversal, Sarazin argues that the district

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2] The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

[3] Rule 69(a) provides in relevant part:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

-5-

court erred in holding that the employee benefits are not exempt from garnishment under Minnesota state law.  Upon careful consideration and for the reasons discussed below, we affirm the order of the district court.

The district court's jurisdiction in the present action, as it was originally filed in 1983 by George Deretich (by and through his attorney, Sarazin), was based upon 28 U.S.C. § 1343. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed under Fed. R. App. P. 4(a).

The procedural background of this case is as follows. In 1983, George Deretich, an attorney, filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, against appellees (the City of St. Francis, Minnesota, and numerous other entities and individuals), alleging that appellees had conspired to deprive him of his constitutional rights. Deretich also asserted various pendent state law claims. Deretich was represented by Sarazin, who was then his law partner. The district court[4] granted summary judgment in favor of appellees on Deretich's constitutional claims and dismissed his pendent state law claims. On appeal, this court affirmed the judgment of the district court and, upon determining that the appeal was frivolous, assessed double costs against Deretich and attorney's fees on appeal. Deretich v. City of St. Francis, No. 85-5283, slip op. at 3 (8th Cir. 1986) (unpublished) (per curiam) (reported at 802 F.2d 463) (table). The case was then remanded to the district court for a determination of the appropriate amounts to be awarded. Id. On remand, the district court found that Deretich had litigated frivolously and in bad faith. Id., slip op. at 5-8 (D. Minn. Dec. 23, 1986). The district court further found that Sarazin had

---

[4]The Honorable Edward L. Devitt, deceased, United States District Judge for the District of Minnesota.

"assisted [Deretich] in pursuing this litigation after it had clearly become frivolous," and "[i]n so doing, she multiplied the proceedings unreasonably and vexatiously and abused the judicial process." Id. at 8. The district court granted appellees' motions for attorney's fees and costs and entered judgment accordingly, specifically holding Sarazin jointly liable for one-third of the amounts awarded. Id. at 8-10.

In April 1995, Sarazin and her husband, Timmons, were divorced. The parties agreed to a property settlement which became part of a final judgment and decree entered in state court. In re Timmons, No. DW 190111 (Minn. Dist. Ct. Apr. 11, 1995). The property settlement granted Sarazin the right to designate beneficiaries for $228,000.00 in death benefits on term life insurance policies maintained through Timmons's employer, formerly known as Control Data Corporation (CDC), and also awarded Sarazin a 40% interest in Timmons's current and future long-term disability benefits payable under CDC's disability plan (which, at that time, equalled $1,282.36 per month for her share). Id. at 4, 12-13.

In June 1995, appellees filed in the district court the Rule 69(a) motion that is presently on appeal. Appellees requested an order requiring Sarazin to designate them as beneficiaries under Timmons's life insurance policies and requiring Timmons to pay Sarazin's 40% share of his monthly disability benefits directly to them. Sarazin opposed the motion on the ground that the disability benefits and life insurance proceeds were employee benefits and therefore exempt from garnishment under Minn. Stat. § 550.37, subd. 24, which exempts:

> The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service

. . . .

(2) to the extent of the debtor's aggregate interest under all plans and contracts up to the present value of $30,000 and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

With respect to the disability benefits, Sarazin argued that the entire 40% interest is reasonably necessary for her support. Sarazin -- who is employed part-time by the Minnesota Department of Health, where she earns approximately $1,000 per month after taxes -- argued that her 40% share of Timmons's disability benefits amounts to more than one-half of her net income. Therefore, she maintained, if appellees were to garnish those benefits, she would be forced to live on less than $10,000 per year.[5]

The magistrate judge held that, although the disability benefits and life insurance proceeds are employee benefits, the exemption in Minn. Stat. § 550.37, subd. 24, nevertheless does not apply under the facts of the present case because there is no employment relationship between the debtor (Sarazin) and the employer (CDC). Slip op. at 6-7, citing In re Raymond, 71 B.R. 628, 630 (Bankr. D. Minn. 1987) (concluding that Minn. Stat. § 550.37, subd. 24, was intended by the state legislature to exempt only those listed assets which the debtor derived directly from an employment relationship or self-employment endeavors). However, with respect to the life insurance proceeds, the magistrate judge concluded, as conceded by appellees, that the first $32,000 in death benefits would be exempt pursuant to Minn. Stat. § 550.37, subd. 10 (exempting all money received by or payable to a surviving spouse from insurance proceeds payable at the death of a spouse not exceeding $32,000). Id. at 8. Accordingly, the

_____

[5]Sarazin also argued in the district court that ERISA preempts the applicable state law on garnishment. However, she has abandoned that argument on appeal.

magistrate judge ordered Sarazin and CDC to take the necessary steps to designate appellees as the beneficiaries of Timmons's life insurance policies, except the first $32,000 to which Sarazin is entitled, and ordered Timmons, as garnishee, to pay Sarazin's past,[6] present, and future 40% share of his disability benefits to

---

[6]Timmons had placed Sarazin's past payments in an escrow trust account pending resolution of this matter.

appellees.  The district court affirmed the magistrate judge's order, and this appeal followed.

We have carefully examined each of the contentions raised by Sarazin on appeal and find them to be without merit.  We review the district court's construction of state law <u>de novo</u>.  The district court did not err in construing the state statute governing garnishment and attachment to require that assets be directly derived from the debtor's employment in order for the employee benefits exemption to apply.  <u>Westinghouse Credit Corp. v. J. Reiter Sales, Inc.</u>, 443 N.W.2d 837, 839 (Minn. Ct. App. 1989) ("Benefits which are exempt under subdivision 24 are those derived from an employment relationship or from self-employment endeavors."), <u>citing</u> <u>In re Raymond</u>, 71 B.R. at 630.  Sarazin's rights, title, and interest in Timmons's disability benefits and life insurance proceeds are not exempt from garnishment under Minn. Stat. § 550.37, subd. 24, because Sarazin obtained an interest in those assets through her divorce settlement and has no employment relationship with CDC.  We therefore hold that the district court did not err in concluding that appellees may garnish her entire 40% share of Timmons's disability benefits as well as any death benefits exceeding $32,000.  Slip op. at 6-7.  The order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-13-