### In re Taunya L. THURMAN, Debtor.

### No. 00–08187.

United States Bankruptcy Court, M.D. Tennessee.

Nov. 28, 2000.

---

Maria Salas, Rothschild & Associates, Nashville, TN, for Debtor.

Robert H. Waldschmidt, Howell & Fisher, Nashville, TN, for trustee.

### ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the Chapter 7 Trustee's objection to the debtor's claimed exemption in the proceeds of her ex-husband's 401K/retirement plan pursuant to T.C.A. § 26–2–111(1)(D). Specifically, the trustee contends that the payments to be received by the debtor are not payments established "by the debtor" but are merely proceeds of a divorce settlement. The trustee does not object to the debtor's exemption of a portion of these funds to the extent that the exemption is claimed and limited pursuant to T.C.A. § 26–2–102.

The debtor testified that the funds were not in her name, but accumulated during the marriage with the intent that the money would be for her and her ex-husband's joint retirement. Mrs. Thurman did not work outside the home, but played an integral part in the decision of how much of her husband's income would be contributed to the account. When the debtor divorced her ex-husband, she and her ex-husband agreed that she would receive the funds from the Lexington Clinic 401K and he would retain the funds in the Saint Thomas 401K that were in a similar amount.

The debtor argues that she is entitled to exempt the funds because (1) the parties in fact intended the money to be the retirement funds of both parties; (2) that the payment is in fact a payment as provided in T.C.A. 26–2–111(1)(D) and therefore exemptible, and/or (3) that these funds were alimony or support and therefore completely exempt. The trustee insists that the payment of these funds from the debtor's ex-husband are proceeds from a divorce settlement, and do not qualify for exemption pursuant to T.C.A. 26–2–111(1)(D).

After considering the arguments of the parties, the court must agree with the trustee. T.C.A. 26–2–111(1)(D) allows exemption of:

(1) The debtor's right to receive...

(D) To the same extent that earnings are exempt pursuant to § 26–2–106, a payment under a stock bonus, pension profitsharing, annuity, or similar plan or contract on account of death, age or length of service unless: ...

The plain meaning of the statute requires the result. Specifically exemptible is the "debtor's right to receive" the payments as limited by the statute. If the debtor's right to receive meant right to receive from a divorce settlement or litigation settlement or other contract right, then any debtor could shelter that income from creditors. Clearly, this is not what the legislature intended.

As to the debtor's contention that the parties intended this to be their joint retirement funds, the court is unpersuaded. Even if this was what the parties intended, the statutory schemes for exemptions is clear, and despite the parties' intentions, the only way these particular funds are exempt are pursuant to T.C.A. 26–2–102, and in that limited amount.

Finally, the debtor contends that such amounts may be alimony or support and therefore completely exemptible. The court heard no proof as to that allegation and therefore cannot award an exemption in these funds to the debtor on that basis.

Accordingly, the court sustains the trustee's objection to the debtor's claimed

exemption in the "Lexington Clinic" 401K/retirement funds.

It is, THEREFORE, so ordered.