# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 01-6044MN

In re: Bruce E. Anderson    *

    Debtor    *

Bruce E. Anderson    *    Appeal from the United States

    Debtor-Appellant    *    Bankruptcy Court for the

      v.    *    District of Minnesota

Randall L. Seaver    *

    Trustee-Appellee    *

Submitted: October 16, 2001
Filed: November 5, 2001

Before KOGER, Chief Judge, WILLIAM A. HILL, and SCOTT, Bankruptcy Judges

KOGER, Chief Judge

     Debtor Bruce E. Anderson appeals from the Order of the Bankruptcy Court[1] sustaining the Trustee's objection to the Debtor's claimed exemption in IRA funds

---

[1] The Honorable Gregory F. Kishel, United States Bankruptcy Court for the District of Minnesota.

which were awarded to him in a marriage dissolution decree. For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

The Debtor and his former wife, Kelly Anderson, were married in 1986. Throughout the marriage, the Andersons both participated in a farming operation on their land and, in connection therewith, they established and contributed to IRA accounts in each of their individual names. The contributions to the individual IRA accounts were made from the income of the Andersons' joint farming operation.

In October 2000, the Andersons were divorced, with supplemental findings and conclusions relating to the dissolution decree finally being entered on March 12, 2001. The property settlement entered in connection therewith awarded a portion of one of Kelly Anderson's IRA accounts to the Debtor. At the time of the dissolution in October 2000, the value of this award was $25,000, but by the time the Debtor filed his bankruptcy petition on March 21, 2001 (which was nine days after the marriage dissolution decree was entered in the state court), the value of his share of the fund had dropped to approximately $19,000. No actual transfer of these funds had occurred prior to the filing of the bankruptcy petition and, as of the filing date, the funds were still included in Kelly Anderson's IRA account.

On his Schedule C, the Debtor claimed an exemption in an "Interest to be transferred from Kelly Anderson IRA per marr diss decree $19,000 appx" [sic]. He also claimed an exemption in another IRA account, in the amount of $21,317.46, which had been in his name prior to the divorce. The Trustee objected to the part of the claimed exemption that represented funds awarded in the dissolution decree from Kelly Anderson's IRA account. After a hearing on the Trustee's objection, the Bankruptcy Court sustained the objection and disallowed the portion of the claimed exemption that was awarded to the Debtor as part of the divorce. The Debtor appeals.

2

## STANDARD OF REVIEW

Because the parties do not dispute factual issues in this case and the sole issue before us is whether the Bankruptcy Court correctly interpreted and applied the Minnesota exemption statute and the case law precedent to the undisputed facts, our review is *de novo*.  See Andersen v. Ries (In re Andersen), 259 B.R. 687, 690 (B.A.P. 8th Cir. 2001); Abernathy v. LaBarge (In re Abernathy), 259 B.R. 330, 332 (B.A.P. 8th Cir. 2001).

## DISCUSSION

### 1. The Debtor's Attempt to Elect to the District Court

At the outset, the Debtor seeks to have his appeal transferred from the Bankruptcy Appellate Panel to the District Court for the District of Minnesota.  In his Notice of Appeal filed in the Bankruptcy Court, the Debtor indicated that he was appealing to the United States District Court for the District of Minnesota.  He did not, however, elect to have his appeal heard by the District Court in a separate writing as is plainly required by Federal Rule of Bankruptcy Procedure 8001(e).[2]  Because he neglected to properly elect to the District Court, the Debtor asks us to either "invalidate" Rule 8001(e) or excuse his failure to read the rule and then to transfer the appeal to the District Court.

---

[2]  That rule provides:

**(e) Election to have appeal heard by district court instead of Bankruptcy Appellate Panel.**  An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1).

Fed. R. Bankr. P. 8001(e).

3

In support of this request, the Debtor suggests that Rule 8001(e) is contrary to 28 U.S.C. § 158(b)(1), which states that an appeal from a bankruptcy court decision should go to the BAP "with the consent of all the parties." He contends that he does not consent to our hearing this appeal and that "the judicial process would be well-served if the merits of the present case were decided by a life-tenured, home-grown judge." He further asserts that Rule 8001(e) conflicts with 28 U.S.C. § 2075 which requires that the bankruptcy rules prescribed by the Supreme Court "shall not abridge, enlarge, or modify any substantive right." Specifically, he asserts that Rule 8001(e)'s separate writing requirement abridges (or burdens) his right to have his appeal heard by the District Court rather than the BAP.

We find the Debtor's arguments here to be without merit. We addressed this issue in DeWoskin v. Hibbits (In re Sullivan Jewelry, Inc.), 218 B.R. 439 (B.A.P. 8th Cir. 1998), and very plainly held that Rule 8001(e) is consistent with Congressional intent. In sum, we have already said that the rule is valid, it is extremely simple, and, by its plain language, it is mandatory.[3]

As a result, since the Debtor did not make an election in conformity with the rule, this appeal is properly before us and his request that the appeal be transferred to the District Court is denied. Accord Waterman v. Ditto (In re Waterman), 266 B.R. 772 (B.A.P. 8th Cir. 1999).

---

[3] In addition, we find that the Debtor's attorney's suggestion that "[t]he apparent purpose of the separate writing requirement is to relieve the court clerks of the burden of reading the first line of a five-line, one-page, single-paragraph, 63-word (in this case) notice of appeal" to be not only irrelevant, but also somewhat inappropriate, particularly considering that the Debtor's attorney is asking us to relieve him of the burden of reading the very clearly-written, single-paragraph, 34-word rule.

4

## 2. The IRA Exemption

The Debtor next asserts that the Bankruptcy Court erred in disallowing the portion of the IRA exemption which he received through the marriage dissolution decree because the plain language of the Minnesota exemption statute permits it. Minnesota statutes provide an exemption for:

> **Employee Benefits.** (a) The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, Roth IRA, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 and additional amounts under all plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

Minn. Stat. § 550.37, subd. 24(a).[4]

In denying the part of the exemption coming from Kelly Anderson's IRA, the Bankruptcy Court determined that it was bound by the Eighth Circuit's decision in Deretich v. City of St. Francis, 128 F.3d 1209 (8th Cir. 1997). In that case, the appellant, Mary Sarazin Timmons ("Sarazin") had been divorced from her husband, Martin Timmons, and the property settlement in that marriage dissolution awarded Sarazin the right to designate beneficiaries for $228,000 in death benefits on term life insurance policies maintained through Timmons's employer. It also awarded her a 40% interest in Timmons's current and future long-term disability benefits payable under his employer's disability plan. Subsequent to the marriage dissolution, several prior judgment creditors of Sarazin requested an order in district court requiring

---

[4] The dollar limitation for this exemption has increased to $54,000, and so the dollar limitation is not implicated here regardless of whether the Debtor can claim an exemption in the disputed funds in his ex-wife's account.

Sarazin to designate them as beneficiaries under Timmons's life insurance policies and requiring Timmons to pay Sarazin's 40% share of his monthly disability benefits to them. Sarazin opposed the motion on the ground that the life insurance proceeds and disability benefits were employee benefits and therefore exempt under Minn. Stat. § 550.37, subd. 24. See Deretich, 128 F.3d at 1211.

Agreeing with the conclusions reached by the magistrate and district courts in that case, the Eighth Circuit held that "[t]he district court did not err in construing the state statute governing garnishment and attachment to require that assets be directly derived from the debtor's employment in order for the employee benefits exemption to apply." Id. at 1212 (citing Westinghouse Credit Corp. v. Reiter Sales, Inc., 443 N.W.2d 837, 839 (Minn. Ct. App. 1989), and In re Raymond, 71 B.R. 628, 630 (Bankr. D. Minn. 1987)). Furthermore, the Eighth Circuit said:

> Sarazin's rights, title, and interest in Timmons's disability benefits and life insurance proceeds are not exempt from garnishment under Minn. Stat. § 550.37, subd. 24, because Sarazin obtained an interest in those assets through her divorce settlement and has no employment relationship with [Timmons's employer].

Id. As a result, the Eighth Circuit concluded that the district court had not erred in finding that the items Sarazin sought to shield from attachment were subject to the judgment creditors' garnishment and were not protected by Minn. Stat. § 550.37, subd. 24.

In the case at bar, the Bankruptcy Court held that under the Eighth Circuit's holding in Deretich, the Debtor's interest in his former wife's IRA was not exempt under § 550.37, subd. 24, because he obtained an interest in those funds through his divorce settlement and not through his own employment. The Debtor asserts that the Bankruptcy Court erred in this conclusion because Deretich is not only distinguishable from the case at bar, it is questionable precedent resulting from bad facts.

6

First, the Debtor asserts that Deretich is distinguishable because the present case involves self-employment in a family farm enterprise, rather than employment with an outside employer. He suggests that, in contrast to Deretich, since both he and his former wife were self-employed in the same family enterprise, her IRA effectively resulted from their joint employment rather than her separate employment. He emphasizes that he wrote and signed the checks that were deposited into his wife's IRA.

We find this to be a distinction without a difference. The record indicates that the Andersons invested farm operation funds into separate IRAs for each of the two spouses. Thus, the Debtor's IRA was derived from his self-employment with the farming operation and his wife's IRA was derived from her own self-employment with the farming operation. Regardless of whether her IRA was funded from her self-employment with the joint farming operation or whether it had been funded from her employment with an outside employer, the IRA belonged to her and *the Debtor had no interest in it except the interest he acquired through the separation agreement and dissolution decree*. Consequently, as the Bankruptcy Court found, the fact that the IRA was funded through the family farming operation rather than through a separate employer makes no difference: in either event, the Debtor acquired an interest in it only through the marriage dissolution and not through his own employment or self-employment, as is required by Deretich's interpretation of the exemption statute.

Second, the Debtor asserts that Deretich is distinguishable because the case at bar involved the transfer of IRA funds as opposed to life insurance or disability benefits. The Debtor asserts that IRAs are distinguishable because they have the particular characteristic of maintaining their IRA status following the award in the marriage dissolution. Particularly, the Debtor suggests that under the tax code, once a transfer of IRA funds is awarded in a marriage dissolution, the IRA is automatically deemed to be the IRA of the transferee and therefore retains its tax-preferred status. Thus, according to the Debtor, although the funds have not actually been transferred

7

from Kelly Anderson's account to the Debtor, they should now be considered to be *his IRA* and therefore exempt under § 550.37, subd. 24.

Even assuming that the Debtor is correct in the proposition that the funds at issue are now considered to be his IRA, and not Ms. Anderson's, for tax or any other purposes, they still were derived from the marriage dissolution and not from his employment and, therefore, do not fit within the exemption provided under § 550.37, subd. 24. Again, Deretich expressly held that, if the benefit was derived from the marriage dissolution and not from the Debtor's employment, it does not fall within § 550.37, subd. 24.

The Debtor next asserts that Deretich is inapplicable because it "is a classic example of egregious facts resulting in case precedent of doubtful value beyond its precise facts" in that the judgment which the creditors in that case were attempting to collect resulted from particularly egregious behavior involving frivolous litigation and sanctions against the debtor-attorney. The Debtor asserts that the egregious nature of the attorney-debtor's actions in that case may have warranted the result there, but that his case does not involve such circumstances.

We disagree with the proposition that the Eighth Circuit intended Deretich to be limited to egregious circumstances. Not only does the Debtor cite no authority for such a limitation of the Deretich decision, the Eighth Circuit in Deretich relied directly on a Minnesota Court of Appeals case, Westinghouse Credit Corp. v. J. Reiter Sales, Inc., which had held that "[b]enefits which are exempt under subdivision 24 are those derived from an employment relationship or from self-employment endeavors." Westinghouse, 443 N.W.3d 837, 839 (Minn. Ct. App. 1989). Westinghouse, in turn, had relied upon a Minnesota bankruptcy case, In re Raymond, which had held that, although the statutory heading "Employee benefits" would not be considered part of the statute, that heading, along with other factors, strongly indicated that the Minnesota legislature "intended only to exempt those listed assets which derived from an

8

employment relationship or from self-employment endeavors." Raymond, 71 B.R. 628, 630 (Bankr. D. Minn. 1987). Under this line of authority, the holding in Deretich is supported by precedent and we see no basis on which to assume that the Eighth Circuit intended that its holding therein be limited to egregious fact scenarios. Since the Debtor has cited no applicable authority to the contrary, we agree with the Bankruptcy Court's conclusion that Deretich is determinative in this case.

In sum, it seems to us that the holding in Deretich is rather clear: if the funds sought to be exempted came to the debtor from a marriage dissolution decree and not from the debtor's own employment, then they cannot be exempted under § 550.37, subd. 24, regardless of whether they might have been considered the employment benefits of the ex-spouse. We are bound by Eighth Circuit precedent, as are the District and Bankruptcy Courts, and we see no ground on which to distinguish Deretich's holding here. If our interpretation of Deretich is incorrect or if the Eighth Circuit did not intend the courts to interpret that decision in the manner that we and the Bankruptcy Court in this case have, that is a matter for the Eighth Circuit to straighten out.

## CONCLUSION

Because the Bankruptcy Court properly determined that the Eighth Circuit's decision in Deretich required that the Debtor's claimed exemption in IRA funds awarded to him through his marriage dissolution be denied, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

9