**In re Jeanne Elaine FARMER, Debtor.**

**No. 02–16039–7.**

United States Bankruptcy Court,
W.D. Wisconsin.

June 18, 2003.

Tim A. Korf, Olstad & Korf LLP, Stevens Point, WI, for Debtor.

Mark J. Wittman, Gorski & Wittman, S.C., Marshfield, WI, for Trustee.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

■ The principal role of the chapter 7 bankruptcy trustee is to liquidate the debtor's nonexempt assets and distribute the proceeds to unsecured creditors. The challenge is that in most cases the debtor has few assets at all, let alone ones that do not qualify for an exemption. In this case, however, the trustee believes that a nonexempt asset exists. Namely, the debtor's retirement account. Mark J. Wittman is the chapter 7 trustee in this case. The debtor is represented by Tim A. Korf.

When the debtor filed this chapter 7 case on September 20, 2002, she listed as one of her assets a retirement account containing $78,611.00. She claimed this account as exempt under 11 U.S.C. § 522(d)(10)(E). The chapter 7 trustee objected to the debtor's exemption. At this point, the debtor has amended her exemptions a number of times, but the trustee still contends that the retirement account is property of the debtor's bankruptcy estate and is not exempt. The underlying facts are as follows.

The debtor married David Stoiber in 1972. They were divorced in 1991. During the marriage, the debtor's husband operated a chiropractic practice. As part of his business, he established a profit sharing plan which the parties appear to agree is a "qualified plan" under the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"). During the divorce, the debtor was awarded $48,000.00 of her husband's interest in the profit sharing plan. Pursuant to a Qualified Domestic Relations Order for the Assignment of an Interest in a Profit Sharing Plan (a "QDRO"), the money was transferred from his plan account into her ac-

count, which at the time had a balance of $17,000.00. The entire amount has remained in the profit sharing plan and her interest was apparently worth approximately $78,000.00 on the petition date.

There are two issues regarding the retirement account. First, the debtor contends that under the Supreme Court's ruling in *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), her interest in the profit sharing plan is excluded from "property of the estate" under 11 U.S.C. § 542(c). In the alternative, she contends that the account is exempt under Wis. Stat. § 815.18(3)(j). The trustee, on the other hand, takes the position that the account is property of the estate and fails to satisfy the exemption, rendering the funds available for distribution to creditors.

Under 11 U.S.C. § 541(a)(1), the commencement of a bankruptcy case creates an estate that is comprised of "all legal or equitable interests of the debtor in property." The scope of this provision is broad and all encompassing. *See Chappel v. Proctor (In re Chappel),* 189 B.R. 489 (9th Cir. BAP 1995). The intent of this provision is to include all property rights of the debtor, even if that property right is contingent. *Movitz v. Palmer (In re Palmer),* 167 B.R. 579 (Bankr.D.Ariz. 1994).

There are, however, certain exceptions to this general principle. Under 11 U.S.C. § 541(c)(2), "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." In *Patterson,* the Supreme Court ruled that the restrictions on the alienation of pension plan funds found in ERISA meant that a debtor's interest in such a plan was excluded from the bankruptcy estate. The debtor points out that her retirement account

is part of a "qualified plan" that is covered by ERISA. The trustee, however, argues that *Patterson* is inapplicable because the debtor received the funds as part of her divorce settlement.

The Court finds that it cannot agree with the trustee's position. In *Boggs v. Boggs,* 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997), the Supreme Court stated that "[i]n creating the QDRO mechanism Congress was careful to provide that the alternate payee, the 'spouse, former spouse, child, or other dependent of a participant,' is to be considered a plan beneficiary." *Id.,* 520 U.S. at 846–47, 117 S.Ct. 1754. Further, the Court stated that the "axis around which ERISA's protections revolve is the concepts of participant and beneficiary." *Id.* at 854, 117 S.Ct. 1754.

In the recent case of *In re Nelson,* 322 F.3d 541, 545 (8th Cir.2003), the court considered this very issue and stated that Congress intended that:

> [A]ll persons conferred beneficiary status via a QDRO be given the same protections ERISA affords to plan participants. Those protections include ERISA's anti-alienation provisions. Therefore, a person who acquires an interest in an ERISA plan via a QDRO can exclude that interest from a bankruptcy estate in the same way that the plan participant herself could have excluded it.

*See also In re Lalchandani,* 279 B.R. 880 (1st Cir. BAP 2002); *In re Hthiy,* 283 B.R. 447 (Bankr.E.D.Mich.2002). In the present case, the parties concede that the funds are held in an "ERISA qualified" pension plan. The exhibits indicate that the debtor as a former spouse is considered a "beneficiary" under the plan. Under the express provisions of ERISA as discussed in *Boggs* and *Nelson,* the debtor

as a former spouse is legally entitled to all the same protections as a plan beneficiary, including the anti-alienation provisions. *Nelson,* 322 F.3d at 545.

As such, the retirement account is excluded from the debtor's bankruptcy estate. Even if it were to be considered part of the debtor's estate, the Court does not see any prejudice to the trustee in permitting the debtor's amendments to her schedules in which she claimed the account as exempt under Wis. Stat. § 815.18(3)(j). This section states that a debtor may exempt:

> Assets held or amounts payable under any retirement, pension, disability, death benefit, stock bonus, profit sharing plan, annuity, individual retirement account, individual retirement annuity, Keogh, 401–K or similar plan or contract providing benefits by reason of age, illness, disability, death or length of service and payments made to the debtor therefrom.

The trustee's contention is that since the funds in question were the result of a divorce settlement and not directly attributable to the debtor's employment, they do not qualify under this exemption. The trustee cites the cases of *In re Thurman,* 255 B.R. 730 (Bankr.M.D.Tenn.2000), and *In re Anderson,* 269 B.R. 27 (8th Cir. BAP 2001), in support of his position. In *Thurman,* the court did conclude that under Tennessee law the debtor could not exempt retirement funds which had been awarded to her under a divorce decree. Significantly, however, the statute in question stated that retirement funds would be exempt only "[t]o the same extent that earnings are exempt pursuant to [another statutory section]." 255 B.R. at 731. Similarly, the Minnesota statute in question related to "employee benefits." *See Anderson,* 269 B.R. at 30.

Wis Stat. § 815.18(3)(j), however, only appears to have two requirements: (i) that the assets are "held" or "payable" under any of the enumerated investment vehicles, and (ii) that benefits are payable "by reason of age, illness, disability, death or length of service." Nothing in the statute places a restriction on the source of the funds. In *Thurman,* the court appeared concerned that a debtor might be able to "shelter" income from creditors by placing the funds in some sort of IRA. *See Thurman,* 255 B.R. at 731. This Court has previously held that such concerns are the province of the legislature, not the courts. *See In re Bruski,* 226 B.R. 422, 425 (Bankr.W.D.Wis.1998) ("[I]f Wisconsin chooses to grant an exemption ... without regard to the reasonableness of the amount held in the annuity, it is not the Court's place to second-guess"). Debtors are to be permitted the "full use" of the available exemptions and will not be penalized for ordering their affairs in such a manner as to take best advantage of the exemptions. *Matter of Smiley,* 864 F.2d 562, 567 (7th Cir.1989).

The Wisconsin legislature provided debtors with an exemption for retirement assets. The legislature could have placed a variety of restrictions on the exemption, but chose not to do so. The Supreme Court has repeatedly stressed that courts should ascertain the "plain meaning" of a statute and hold in accordance with that meaning. *See Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there"). Under the "plain meaning" of Wis. Stat. § 815.18(3)(j), funds held in a profit sharing plan are exempt regardless of the source of those funds, and debtors are entitled to the "full use" of the available exemptions. *Smiley,* 864 F.2d at 567.

Accordingly, the trustee's objection to the debtor's exemption is denied.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.