# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6008 MN

_____

| | | |
|---|---|---|
| In re: Dale G. Martin and | * | |
|     Shirley R. Martin, | * | |
| | * | |
|     Debtors. | * | |
| | * | |
| Dale G. Martin and | * | Appeal from the United States |
| Shirley R. Martin, | * | Bankruptcy Court for the |
| | * | District of Minnesota |
|     Debtor - Appellants. | * | |
| | * | |
| | * | |
|         v. | * | |
| | * | |
| Paul W. Bucher, | * | |
| | * | |
|     Trustee - Appellee. | * | |
| | * | |

_____

Submitted: August 19, 2003
Filed: September 2, 2003

_____

Before, HILL, SCHERMER, and FEDERMAN, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

_____

The Chapter 7 trustee objected to debtors Dale and Shirley Martin's claim of exemption for an annuity with a present value of $29,000. The bankruptcy court[1] sustained the objection and the Martins appeal that order. We affirm.

## FACTUAL BACKGROUND

Debtors are self-employed farmers who also have non-farming occupations. At some point in time, Ms. Martin's parents conveyed to her a remainder interest (the Remainder Interest) in certain land. The Martins farmed and resided on their own property, and they also farmed the land identified in the Remainder Interest. Before filing for bankruptcy relief, Ms. Martin liquidated one of her retirement accounts and used the proceeds to prevent a foreclosure on the farm she and Mr. Martin own. She also sold to her son the Remainder Interest. Ms. Martin used the proceeds from that sale to purchase an annuity with a present value of $29,000 and an effective date of February 1, 2002. On February 5, 2002, the Martins filed a Chapter 7 bankruptcy petition. On May 7, 2002, debtors received a discharge.

The Chapter 7 trustee objected to the claim of exemption. On February 10, 2003, the bankruptcy court held a hearing on the trustee's objection, and on February 11, 2003, the court sustained the objection. Debtors filed this timely appeal.

## STANDARD OF REVIEW

The right of debtors to claim exemptions are questions of law subject to *de novo* review.[2]

---

[1]The Honorable Gregory F. Kishel, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

[2]*Kaelin v. Bassett (In re Kaelin)*, 271 B.R. 316, 320 (B.A.P. 8th Cir. 2002), *reversed on other grounds*, 308 F.3d 885 (8th Cir. 2002); *Anderson v. Seaver (In re Anderson)*, 269 B.R. 27, 29 (B.A.P. 8th Cir. *2001); Abernathy v. LaBarge (In re Abernathy)*, 259 B.R. 330, 332 (B.A.P. 8th Cir. 2001).

DISCUSSION

Relying on *Deretich v. City of St. Francis*[3] and *In re Anderson*,[4] the bankruptcy court found that the annuity was not exempt because the assets used to purchase it did not derive directly from the debtor's employment, and could not be traced to the ongoing generation of income.[5] The bankruptcy court stated that the exemption only applied to assets that resulted from a debtor's decision to defer the enjoyment of earned income, whether that income be from self employment or from third-party employment. It also found that the annuity at issue here was not funded from ongoing income; rather, it was funded by the liquidation of a capital asset. The court, thus, sustained the trustee's objection.

The Martins argue that the funds used to purchase the annuity were derived from the sale of a Remainder Interest in property that was used in their farming operation, therefore, the funds were generated by a self-employment endeavor.

In Minnesota debtors may elect to use either the exemptions set forth in the Bankruptcy Code or the exemptions allowed under Minnesota's state statutes.[6] The Martins elected to use state exemptions. They claimed the annuity to be exempt pursuant to section 550.37 of **Minnesota's Statutes Annotated**. That statute permits debtors to exempt an annuity from the claims of creditors provided the annuity is "on account of" illness, disability, death, age, or length of service:

---

[3]128 F.3d 1209 (8th Cir. 1997).

[4]269 B.R. 27 (B.A.P. 8th Cir. 2001).

[5]Appellant's Appendix, Transcript of February 10, 2003, Hearing, at A-94 (*citing Anderson*, 269 B.R. at 31 and *Deretich*, 128 F.3d at 1212)).

[6]*Sholdan v. Dietz (In re Sholdan)*, 108 F.3d 886, 887 n. 2 (8th Cir. 1997); 11 U.S.C. 522(d); 11 U.S.C. § 522(b)(2).

3

(1) The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court.

. . .

(24) **Employee benefits**. (a) The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, Roth IRA, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.[7]

The text of the statute simply states that an annuity is exempt. The heading of the statute, however, while not part of the statute, may be used to indicate what benefits the Minnesota legislature intended to exempt.[8] The benefits that debtors may claim under this statute are, therefore, those derived from an employment relationship or a self-employment endeavor.[9] Moreover, the court in *In re Raymond* found that the Minnesota legislature intended this statute to apply to annuities that derived from wages earned by the debtor and contributed by either the employer, the employee, or

---

[7]Minn. Stat. Ann. § 550.37(24)(a) (Supp. 2003).

[8]*In re Raymond*, 71 B.R. 628, 630 (Bankr. D. Minn. 1987).

[9]*Id. See also* Westinghouse Credit Corporation v. J. Reiter Sales, Inc., 443 N.W.2d 837, 839 (Minn. Ct. App. 1989) (stating that in order to be exempt, the employee benefits must derive from contributions based upon wages).

a self-employed person.[10] In addition, the annuity must be payable on account of illness, disability, death, age, or length of service.[11]

The Eighth Circuit construed this same statute in *Deretich v. City of St. Francis.*[12] It found that the statute only applied to assets that derived directly from the debtor's employment.[13] Likewise, we construed this same exemption statute in *In re Anderson.*[14] In so doing, we affirmed the bankruptcy court's holding that a debtor's interest in an IRA was not exemptible if he derived the interest from a property settlement in a dissolution proceeding rather than from his own employment.[15] The Martins attempt to distinguish both of these cases. They argue that the parties were not self employed in *Deretich.* And they argue that, even though the debtor was self employed in *Anderson*, the IRA at issue was issued in his wife's name and, therefore, derived from her efforts, not the joint efforts of both parties. Here the Martins claim that as self-employed farmers, the funds used to purchase the annuity derived from a self-employment endeavor.

Thus, there are two issues before us. First, we must decide whether the sale of a capital asset is a self-employment endeavor. If so, we must decide if the sale was on account of illness, disability, death, age, or length of service.

---

[10]*Raymond*, 71 B.R. at 630.

[11]*Id.*

[12]128 F.3d 1209 (8th Cir. 1997).

[13]*Id.* at 1212.

[14]269 B.R. 27 (B.A.P. 8th Cir. 2001).

[15]*Id.* at 31.

In *Westinghouse Credit Corporation v. J. Reiter Sales, Inc.*,[16] the court refused to allow a self-employed general insurance agent to exempt the funds in his unfunded and unqualified deferred compensation plan.[17] The court found that the plan did not meet the requirements of the Internal Revenue Service because the money was not set aside in a trust or custodial account. Since the funds were, thus, available to the employer at all times, they were not exempt.[18] The court also denied the exemption based upon the fact that the funds did not derive from contributions based upon wages.[19] There is no evidence that the Martins ever segregated the funds used to purchase this annuity.

*In re Raymond*[20] is most instructive here because it also deals with funds that derived directly from the sale of capital assets. The debtor, who was 73 years old, and his non-debtor wife purchased an annuity with a value of $19,000 on the same day debtor filed a Chapter 7 bankruptcy petition.[21] Debtor sold his automobile and stock in order to generate the funds to purchase the annuity, which he then claimed as exempt. The court held that the funds used to purchase the annuity were not directly derived from an employment relationship or a self-employment endeavor, therefore, the annuity was not exempt.[22] In reaching this decision, the court agreed that the assets used to purchase the annuity could ultimately be traced to the fruits of the debtor's labors, but found that such tracing is allowed only when the source itself is

---

[16]443 N.W.2d 837 (Minn. Ct. App. 1989).

[17]*Id.* at 838.

[18]*Id.*

[19]*Id.* at 839 (*citing In re Schuette*, 58 B.R. 417, 422 (Bankr. D. Minn. 1986)).

[20]71 B.R. 628 (Bankr. D. Minn. 1987).

[21]*Id.* at 629.

[22]*Id.* at 630.

exempt.[23] As the court stated, "[t]o allow an exemption simply because the money used to purchase the annuity was at one time earned income stemming from an employment relationship or self employment endeavor would only create an exemption which would swallow the entire rule."[24] In this case, Ms. Martin's Remainder Interest would not have been an exempt asset. Moreover, Ms. Martin's parents conveyed this interest to her, so the Martins did not purchase the interest with their earned income. We, therefore, conclude that the bankruptcy court correctly construed this Minnesota statute. The proceeds of the sale of a capital asset are not an employee benefit. Because we conclude the funds used to purchase the annuity were not an employee benefit, we need not reach the issue of whether the annuity was purchased on account of illness, disability, death, age, or length of service.

For the reasons stated above, we affirm the legal conclusions of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[23]*Id.*

[24]*Id.*

7