In re Verne C. GAGNE, Debtor.

**Bankruptcy No. 4–93–4509.**

United States Bankruptcy Court,
D. Minnesota.

Nov. 1, 1993.

Edward W. Bergquist, Trustee, in pro. per.

Michael B. LeBaron, Minneapolis, MN, for debtor.

*ORDER DETERMINING EXEMPTIONS*

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the objection of the trustee to three claims by the debtor to exempt property. Edward W. Bergquist, the trustee, appeared *in propria persona* and Michael B. LeBaron appeared for the debtor.

The debtor has claimed as exempt the cash value of a life insurance policy with Principal Financial Group in the amount of $6,399.19. That objection has been settled.

■ The trustee also objected to the debtor's claim of certain miscellaneous desks, filing cabinets, wrestling mats, wrestling rings, and wrestling tapes as exempt under Minn. Stat. § 550.37, subd. 6, as tools of the trade. While the trustee does not dispute that these items are tools of the trade, he disputes the stated value—claiming that their value exceeds the statutory maximum of $7,500.00. To resolve this objection, I will allow the exemption to the extent that the value of the claimed assets does not exceed $7,500.00, thereby allowing the trustee to attempt to find a buyer who will pay more than the statutory maximum, but limit the time period in which the trustee must sell the property to sixty days.

■ The most important of the three objections revolves around the debtor's claim of a retirement income annuity with the Principal Financial Group with a claimed value of $124,412.13. The exemption is claimed pursuant to Minn.Stat. § 550.37, subd. 24 which provides that the following property is exempt:

> The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service:

> (1) to the extent the plan or contract is described in section 401(a), 403, 408, or 457 of the Internal Revenue Code of 1986, as amended, or payments under the plan or contract are or will be rolled over as provided in section 402(a)(5), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986, as amended; or

> (2) to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

The debtor does not claim that the annuity is the kind of qualified plan described in subparagraph (1), but rather claims the annuity exempt under subdivision (2).

In order to qualify for the exemption under subdivision (2), the asset must meet either three or four criteria, depending on its present value:

(1) the debtor must have the right to receive payments under a stock bonus, pension, profit sharing, annuity, individual retirement, individual retirement annuity, simplified employee pension, or similar plan;

(2) the debtor's right to payment must be on account of illness, disability, death, age, or length of service;

(3) the debtor's aggregate interest under all such plans and contracts must have a present value of no more than $30,000.00; and

(4) to the extent that the present value of all such interests exceeds $30,000.00, the additional amounts must be reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

■ The trustee does not dispute the first requirement, since the asset at issue is clearly an annuity.[1] Requirements 3 and 4 are clearly factual issues and would require an evidentiary hearing to resolve. It is the

---

1. Subdivision 24 bears the title of employee benefits and clearly evidences an intent by the Minnesota Legislature to protect benefits that result from employment. Although the titles of statutes are not part of the statutes themselves, Minn.Stat. § 648.15, the phrase helps in interpreting the language in the remainder of the subdivision.

trustee's burden to prove that the exemption is not properly claimed. Fed.R.Bankr.P. 4003(c). Since the exemption must meet all of the criteria, to be classified as exempt and since I conclude that the payments under the annuity are not on account of illness, disability, death, age, or length of service, I can sustain the objection and disallow the exemption without such an evidentiary hearing.

The debtor is sixty-seven years old and not employed. He receives Social Security payments of $944.00 per month and net income from garage rentals in the approximate amount of $14.50 per month. He is a former professional wrestler and promoter of professional wrestling matches.

On June 15, 1992, the debtor purchased an annuity from Principal Mutual Life Insurance Company for $200,538.93. The policy makes annual payments of $38,279.63 through June 15, 1997. Pursuant to an assignment agreement, the annuity payments have been assigned to fund a $1,000,000.00 life insurance policy, which has an annual premium of $37,840.00. The difference between the annuity and the monthly premium payment of $439.63 is paid to the debtor. The debtor states he purchased the annuity and the life insurance policy because he was aware that his only regular source of income was Social Security payments, he had no other retirement benefits, and he wanted to provide life insurance for his wife, as well as create a life insurance policy with a cash value he could borrow against.

The money to purchase the annuity came from the cash proceeds of five other insurance policies which were cancelled. He also states that the former life insurance policies "arose directly from my promotional activities and my wrestling career."

From these facts, which are uncontradicted, it is clear that the payments from the annuity are not on account of the debtor's illness, disability, death, age, or length of service. While it may have been the debtor's intention to provide income and property for his retirement years, the payments that he received are "on account of" his investment

in the annuity, not on account of any of the reasons stated in the statute. It is no less of a financial investment than a purchase of stock, bonds, real estate, or a simple bank account.

A series of cases decided in this district unanimously supports this conclusion. In 1985, I noted, albeit, in dictum, that a similar annuity did not fall within the ambit of an earlier version of subd. 24.[2] *In re Sederstrom*, 52 B.R. 448 (Bankr.D.Minn.1985). Two years later, Judge Mahoney likewise found that such an annuity did not stem directly from an employment relationship or any self-employment endeavor and rejected any attempt to vaguely trace the source of the investment back to property accumulated from income from employment. *In re Raymond*, 71 B.R. 628 (Bankr.D.Minn.1987). In two unreported decisions by Judge Kishel that same year, the court noted that the annuities at question in those cases did not have any particular nexus to an employment relationship necessary to make the debtor's rights an employee benefit and rejecting the argument that the payments were made on account of illness, disability, death, age, or length of service because they were self directed investments by the debtor and indicating that the debtor's intention to use the payments for support in his retirement years was insufficient to bring it within the language of the statute. *In re Voehl*, BKY 3–87–389 (Bankr.D.Minn. October 13, 1987) and *In re Bielen*, BKY 3–87–277 (Bankr.D.Minn. October 13, 1987), *affirmed sub nom. Bielen v. State Bank of Springfield*, CIV. 3–87–860 (D.Minn. March 11, 1988, Alsop, C.J.). Lastly, in 1988, Judge Kishel held against a debtor who had sold otherwise nonexempt assets to purchase annuities which he had claimed as exempt in his bankruptcy case and rejected the debtor's argument that ultimately the value of the annuities could be traced back to his income from farming self-employment, noting that "any such connection between income generated in the remote past and the funds currently invested in annuities is too remote and tangential to make those funds

---

**2.** While subd. 24 has been changed a number of times over the years in response to a series of constitutional problems, the operative language

in here is the same as that interpreted in all of the earlier cases.

an 'employment benefit'." *In re Gaalswyk*, BKY 3–86–2674 (Bankr.D.Minn. April 25, 1988).

The lesson of all of these cases is that while the word annuity appears in subd. 24, it is there to cover those instances where an annuity is created by an employer to provide for retirement or income protection for an employee or a similar annuity is created on an ongoing basis by a self employed person to similarly provide such retirement benefit or income protection. It does not appear in the statute to allow people, whether or not in anticipation of bankruptcy, to purchase an investment nominally called an annuity and then claim that annuity as exempt in a subsequent bankruptcy case. That is the reason that the statute specifically provides that such annuities can be claimed as exempt, only if the payments to the debtor are on account of the debtor's illness, disability, death, age, or length of service. Since the debtor's annuity here does not meet the requirements of Minn.Stat. § 550.37, subd. 24, the trustee's objection to that exemption is sustained and the exemption claimed is disallowed.

THEREFORE, IT IS ORDERED:

1. The debtor's exemption in seven miscellaneous desks, seven filing cabinets, wrestling mats, four wrestling rings, and wrestling tapes is allowed to the extent that their value does not exceed $7,500.00.

2. The trustee shall either sell or abandon the property described in paragraph 1 no later than December 31, 1993.

3. The debtor's annuity policy with Principal Mutual Life Insurance Company (Annuity # 9159975) is not exempt.