*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0065P (6th Cir.)
File Name: 01a0065p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: JERALD E. BRUCHER,
       *Debtor.*

No. 99-2482

DARRELL R. DETTMANN,
Chapter 7 Trustee,
    *Plaintiff-Appellant,*

*v.*

JERALD E. BRUCHER,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 99-00184—Gordon J. Quist, District Judge.

Submitted: November 29, 2000

Decided and Filed: March 8, 2001

Before: NELSON, SILER, and CLAY, Circuit Judges.

----

**COUNSEL**

----

**ON BRIEF:**  Darrell R. Dettmann, Marquette, Michigan, pro se.  Allan J. Rittenhouse, Iron Mountain, Michigan, for Appellee.

----

**OPINION**

----

DAVID A. NELSON, Circuit Judge.  The sole question presented in this appeal is whether an Individual Retirement Account (IRA) can be excluded from a bankruptcy estate (or "exempted," to use the statutory term) pursuant to 11 U.S.C. § 522(d)(10)(E).  Following the reasoning of three other courts of appeals, we answer the question "yes."

I

The facts are straightforward.  The debtor, Jerald Brucher, filed a bankruptcy petition under Chapter 7 of the Code.  One of his assets was an IRA valued at $7,900.  He claimed an exemption for $6,880 of that amount under 11 U.S.C. § 522(d)(5) and an exemption for the rest ($1,020) under 11 U.S.C. § 522(d)(10)(E).  The Chapter 7 Trustee has conceded that the bulk of the IRA is subject to exemption under § 522(d)(5), but he maintains here, as he did in the courts below, that the debtor may not claim the benefit of § 522(d)(10)(E).

Applying *In re Moss*, 143 B.R. 465 (W.D. Mich. 1992), the bankruptcy court disallowed the § 522(d)(10)(E) exemption. Mr. Brucher appealed to the district court, which entered an opinion and order allowing the exemption.  The trustee has appealed to this court.

II

11 U.S.C. § 522(d)(10)(E) provides as follows:

> "(d) The following property may be exempted under subsection (b)(1) of this section:
>
> * * *
>
> (10) The debtor's right to receive –
>
> * * *
>
> (E) a payment under a stock bonus, *pension*, profitsharing, annuity, *or similar plan or contract on account* of illness, disability, death, *age*, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless –
>
> (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
>
> (ii) *such payment is on account of age* or length of service; *and*
>
> (iii) *such plan or contract does not qualify under sections* 401(a), 403(a), 403(b), or *408 of the Internal Revenue Code* of 1986." (Emphasis supplied.)

It is undisputed that Mr. Brucher's IRA qualifies for tax-exempt status under § 408 of the Internal Revenue Code. The trustee does, however, dispute the proposition that the debtor's right to receive payment under his IRA is a right to receive payment "on account of . . . age" under a plan or contract "similar" to a pension plan or contract. The district court accepted this proposition, concluding that IRAs "were intended to be equivalent to future earnings and to be used as

retirement benefits." *Brucher v. Dettmann*, No. 2:99-CV-184 (W.D. Mich., Nov. 22, 1999).

At least three of our sister circuits have held that the provisions of 11 U.S.C. § 522(d)(10)(E), or state statutes with parallel texts, allow the exemption of IRAs. See *In re Carmichael*, 100 F.3d 375 (5th Cir. 1996), *In re Dubroff*, 119 F.3d 75 (2d Cir. 1997), and *In re McKown*, 203 F.3d 1188 (9th Cir. 2000).

The Fifth Circuit's *Carmichael* decision offers what is probably the most detailed analysis of the question. The main points of the analysis may be summarized as follows.

First, the four types of plan or contract listed in (d)(10)(E) – "stock bonus, pension, profitsharing, annuity" – are "substitutes for future earnings." *Carmichael*, 100 F.3d at 378. IRAs, similarly, are "substitutes for future earnings in that they are designed to provide retirement benefits to individuals." *Id.*

Second, the exception in § (d)(10)(E)(iii) specifically denies exemption to those "similar plans or contracts" that fail to qualify under § 408 of the Internal Revenue Code, a provision dealing exclusively with IRAs. "This express Code-section reference to IRAs in the exception makes inescapable the conclusion that at least some – if not all – IRAs were intended to be included in the phrase 'similar plan or contract.' Were that not so, there would be no exempt § 408 plans or contracts from which non-§ 408 plans or contracts could be exceptions." *Id.*

Third, "to conclude that IRAs are not exempt would be to suggest that Congress intended to penalize self-employed individuals for their choice of the form in which their retirement assets are held. This result would be antithetical to Congress' solicitude for retirement benefits for self-employed individuals." *Id.*

Fourth, exempting IRAs is consistent with "the very policy furthered by exemptions – providing the honest debtor with

a fresh start" and "protecting a debtor's future income stream." Moreover, § 522(d)(10)(E) limits the exemption by the phrase "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." *Id.*

The trustee in the case at bar counters that an IRA can be a "similar plan or contract" if and only if payment thereunder is made "solely . . . 'on account of illness, disability, death, age or length of service.'" This reading, in our view, suffers from at least two flaws. In the first place, § 522(d)(10)(E) does not contain the word "solely"; it merely provides that the payment must be made "on account of" age. Like pensions, IRAs are structured to provide maximum payments upon the participant's reaching a certain age. The fact that early withdrawal might be available – subject, in the case of IRAs, to a 10 percent penalty for withdrawals made before the beneficiary has attained the age of 59 ½, see 26 U.S.C. § 72(t)(1) – is irrelevant, as the statute does not require that the payment be made "solely" on account of age. In the second place, the trustee's reading turns part of § 522(d)(10)(E)(iii) into surplusage. That subsection precludes plans from being exempted if they fail to qualify under one or another of a list of Internal Revenue Code sections that includes section 408. Section 408 deals exclusively with IRAs. If IRAs were never to be exempted under § 522(d)(10)(E), the inclusion in subsection (iii) of the reference to section 408 would have been utterly pointless.

Accordingly, and on the strength of all of the reasoning in *Carmichael*, *Dubroff*, and *McKown*, the judgment of the district court is **AFFIRMED**.