# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3505

_____

In re:  Richard Gerald Rousey; In
re:  Betty Jo Rousey,

Debtors.

----------------------------------------

Richard Gerald Rousey; Betty Jo
Rousey,

Appellants,

v.

Jill R. Jacoway,

Appellee.

Appeal from the United States
Bankruptcy Appellate Panel
for the Eighth Circuit.

[PUBLISHED]

_____

Submitted:  March 10, 2003
Filed:  October 20, 2003

_____

Before HANSEN, Chief Judge,[1] RILEY and MELLOY, Circuit Judges.

_____

[1]The author of the opinion stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

HANSEN, Circuit Judge.

Debtors Richard Gerald Rousey and Betty Jo Rousey appeal a judgment of the Eighth Circuit Bankruptcy Appellate Panel[2] affirming an order of the bankruptcy court[3] that disallowed claimed exemptions in two Individual Retirement Accounts (IRAs). The sole issue on appeal is whether the debtors' IRAs are exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(d)(10)(E). Following the precedent in this circuit, we hold that the funds are not exempt, and we affirm.

I.

The debtors filed a voluntary petition for relief under Chapter 7 of the bankruptcy code. Included in their assets were two IRAs valued at $42,915.32 and $12,118.16. Both debtors established these IRAs in the form of deposit accounts from funds rolled over from their previous employer's pension plans approximately two years before filing their bankruptcy petition. Neither debtor has deposited further funds into the IRAs since the initial deposits, and both debtors have the ability to withdraw funds from their accounts at any time subject only to early withdrawal tax penalties. The debtors claimed exemptions for $5,033 and $5,648 – $10,681 in total – of these IRAs pursuant to 11 U.S.C. § 522(d)(5), and exemptions for the remaining amounts, $37,882.32 and $6,470.16 – $44,352.48 in total – under 11 U.S.C. § 522(d)(10)(E). The bankruptcy trustee filed an objection to the § 522(d)(10)(E) exemptions but did not object to the debtors' § 522(d)(5) exemptions. Applying

---

[2]The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota, authored the opinion for a panel that included the Honorable Arthur B. Federman, Chief Judge, United States Bankruptcy Court for the Western District of Missouri, and the Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri, concurring.

[3]The Honorable Robert F. Fussell, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

Eighth Circuit precedent, the bankruptcy court found that the IRAs were not exempt under 11 U.S.C. § 522(d)(10)(E), and the Bankruptcy Appellate Panel affirmed. The debtors appeal.

## II.

A debtor in bankruptcy may claim an exemption pursuant to 11 U.S.C. § 522(d)(10)(E) for:

> a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose; (ii) such payment is on account of age or length of service; and (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(10)(E) (2000). Pursuant to this section, payments from the debtors' IRAs are exempt only if (1) the IRAs are a "pension, annuity, or similar plan or contract;" (2) the payments are made "on account of illness, disability, death, age, or length of service;" and (3) the payments are reasonably necessary for the debtors' support or the support of their dependents. Because neither the bankruptcy court nor the Bankruptcy Appellate Panel reached the issue of whether the payments are reasonably necessary for the debtors' support, we address only the first two statutory requirements.

## A.

The bankruptcy courts relied on our decision in Eilbert v. Pelican (In re Eilbert), 162 F.3d 523 (8th Cir. 1998), in concluding that the IRAs at issue in this

case are not "similar plans or contracts." In construing an Iowa statutory exemption "nearly identical" to § 522, the Eilbert court held that a single premium Individual Retirement Annuity contract (not a deposit account) that was purchased with nonexempt, inherited assets as a prebankruptcy planning measure by a prospective debtor who had already reached retirement age was not a "pension, annuity, or similar plan or contract." See 162 F.3d at 526-27. The court reasoned that single premium annuity investments are not "akin to future earnings" within the meaning of the Iowa statute nearly identical to § 522 because the payments did not replace lost income and were not established as part of a long-term retirement strategy. Id.

The debtors assert that Eilbert is inapposite because the Iowa statute did not contain the internal reference to 26 U.S.C. § 408, dealing exclusively with Individual Retirement Accounts and Individual Retirement Annuities, that appears in § 522(d)(10)(E)(iii). Adopting the reasoning of four of our sister circuits, the debtors argue that the reference to § 408 in the exceptions to exemption suggests that "at least some – if not all – IRAs were intended to be included in the phrase 'similar plan or contract.'" Carmichael v. Osherow (In re Carmichael), 100 F.3d 375, 378 (5th Cir. 1996); see also Dettmann v. Brucher (In re Brucher), 243 F.3d 242, 243 (6th Cir. 2001) (quoting Carmichael); Farrar v. McKown (In re McKown), 203 F.3d 1188, 1190 (9th Cir. 2000) ("There could be no reason for legislators to exclude non-qualifying IRAs from the exemption, as the exception does, unless they intended that qualifying IRAs could be exempt. Indeed, there could be no reason even to mention section 408, the IRA section, unless 'similar plan or contract' included them."); Dubroff v. First Nat'l Bank of Glens Falls (In re Dubroff), 119 F.3d 75, 78 (2d Cir. 1997) ("[I]f the statute excludes IRAs from exemption because they are not 'similar plans or contracts,' there would be no need for the reference to § 408 of the I.R.C., the statute governing IRAs, in [the state statute] and that reference would be surplusage."). The debtors also note that Patterson v. Shumate, 504 U.S. 753 (1992), offers further support for this conclusion. In distinguishing between funds excluded from the bankruptcy estate pursuant to § 541(c)(2) and those that are included in the

estate but otherwise qualify for exemption, the Supreme Court suggested in dicta that plans qualified under § 408 may be exempt under § 522(d)(10)(E).  See Patterson, 504 U.S. at 762-63 (responding to the trustee's argument that a certain construction of § 541(c)(2) rendered § 522(d)(10)(E) surplusage by demonstrating that some plans not excludable still may be exemptible).

We agree with the debtors that the facts and law in Eilbert are distinguishable. Unlike Mrs. Eilbert, the Rouseys did not establish their IRAs as a prebankruptcy planning matter, but rather opened them with funds rolled over from a pension plan that had been established over time as part of a long-term retirement strategy and to which contributions had been made.  We agree that where an individual retirement account serves as a substitute for future earnings, Congress would probably consider it a "similar plan or contract" as those explicitly listed in § 522(d)(10)(E).  See Carmichael, 100 F.3d at 378 ("[T]o hold otherwise would be to create a trap for the unwary in those frequent instances in which funds from other exempt plans are 'rolled over' into IRAs when those other plans terminate or when employment ceases.").[4] Furthermore, to the extent that our sister circuits have relied upon § 522's internal reference to § 408, we agree that the federal statute is materially different from the Iowa statute at issue in Eilbert and that Congress probably intended some IRAs to be included as "similar plans or contracts."  The dicta from the Supreme Court's opinion in Patterson supports this conclusion.  However, if Congress had intended all IRAs which qualify under § 408 to be exemptible as a "similar plan or contract," it would have been a very easy legislative task to have affirmatively accomplished.

---

[4]Indeed, after our decision in Eilbert, the Iowa General Assembly amended its statute to explicitly exempt rollovers into § 408 IRAs.  See Iowa Code § 627.6(8)(f)(2) (2003) (amended in 2001).

B.

However, even if these debtors' individual retirement accounts qualify as "similar plans or contracts," in order to be eligible for exemption the payments made from them must be triggered by "illness, disability, death, age, or length of service." Our court in Huebner v. Farmers State Bank, 986 F.2d 1222 (8th Cir.) (applying the nearly identical Iowa statute), cert. denied, 510 U.S. 900 (1993), held that future payments from the corpus of an Individual Retirement Annuity are not "on account of age" where debtors have unfettered discretion to withdraw from the corpus at any time subject only to modest early withdrawal tax penalties. See 986 F.2d at 1225. Because the debtors here admit to having unlimited access to the funds in their IRAs, we find that Huebner directly controls and that these debtors' account withdrawals are not required to be made "on account of illness, disability, death, age, or length of service." We recognize that four of our sister circuits have reached a contrary result that may be more consistent with the purposes of § 522 and with their resolution of the "similar plan or contract" issue. We are constrained, however, by our precedent, and by our conclusion that these accounts are readily accessible savings accounts of which the debtors may easily avail themselves (albeit with some discouraging tax consequences) at any time for any purpose.

III.

Faithful application of our circuit's binding precedent requires us to hold that the debtors' IRAs do not qualify for exemption under § 522(d)(10)(E). Accordingly, the judgment of the Bankruptcy Appellate Panel is affirmed.

_____