**In re Laurie A. JENKINS, Debtor.**

**No. 03–45729.**

United States Bankruptcy Court,
D. Minnesota.

Oct. 24, 2003.

Julia A. Christians, Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, Minneapolis, MN, Trustee.

David R. Forro, Caldecott & Forro, Minneapolis, MN, for Debtor.

## MEMORANDUM ORDER DISALLOWING EXEMPTIONS

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came before the court on October 22, 2003, on the motion of the trustee, Julia A. Christians, objecting to the debtor's claim of exemption of three IRA accounts. The trustee appeared *in propria persona*. David R. Forro appeared on behalf of the debtor. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1071–1. This is a core proceeding.

### BACKGROUND

The parties agree to the following undisputed facts: On August 13, 2003, the debtor filed a Chapter 7 bankruptcy petition. Pursuant to 11 U.S.C. § 522(b)(2)(A), the debtor chose to exempt property, including three individual retirement accounts, under the laws of the state of Minnesota. As of June 30, 2003, the three accounts were valued as follows: (1) Schwab, SEP–IRA $2,268.87; (2) RBC Dain Rauscher, Roth IRA $2,199.81; (3) RBC Dain Rauscher, IRA $1,763. The amounts listed in the debtor's Schedules are different, but the debtor concedes that all three IRAs are strictly investment accounts to which she has immediate access. For purposes of this case, the exact dollar amount of the IRAs is not important because the IRA totals are well below the dollar limit imposed by the Minnesota Statute.

The trustee objects to the debtor's claimed IRA exemptions. The parties agree that the issue regarding the exemption of the IRAs is strictly one of law and that no further evidence is needed to resolve the issue. Because I agree with the trustee, I conclude that the debtor's IRAs are not exempt.

### DISCUSSION

Minn.Stat. § 550.37, Subd. 24 exempts:

(a) The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, Roth IRA, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 [$54,000 currently per indexing] and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

(b) The exemptions in paragraph (a) do not apply when the debt is owed under a support order as defined in section 518.54, subdivision 4a.

Thus, to qualify for the exemption under subdivision 24, a plan must meet three criteria: (1) the debtor must have the right to receive payments under a stock bonus, pension, profit sharing, annuity, individual retirement account, Roth IRA, individual retirement annuity, simplified employee pension or similar plan; (2) the debtor's right to payment must be on account of illness, disability, death, age or length of service; and (3) the debtor's aggregate interest under all such plans and contracts must have a present value of no more than [$54,000]. *See In re Gagne,* 166 B.R. 362, 363 (Bankr.D.Minn.1993) *aff'd* in relevant part, *Gagne v. Bergquist,* 179 B.R. 884 (D.Minn.1994).

In this case, the debtor's IRAs meet the first and third requirements, but not the second. The debtor is free to withdraw

the balance in her IRA accounts at any time, subject only to certain charges for early withdrawal. *See In re Raymond,* 71 B.R. 628, 630 (Bankr.D.Minn.1987) (stating that the annuity in question is not payable "on account of illness, disability, death, age, or length of service" under § 550.37, subd. 24 because there are no restrictions on its transferability). In *In re Rousey,* the Eighth Circuit Bankruptcy Appellate Panel addressed the application of 11 U.S.C. § 522(d)(10)(E), which has language that is similar to that of Minn.Stat. § 550.37, Subd. 24, and held that in order to qualify as exempt, the payments in question must be: (1) received pursuant to a pension, annuity, or similar plan or contract; (2) *on account of illness, disability, death, age, or length of service;* (3) reasonably necessary for the debtor's support or for the support of a dependent of the debtor. *Rousey v. Jacoway (In re Rousey),* 283 B.R. 265, 269 (8th Cir. BAP 2002), *aff'd,* 347 F.3d 689, 2003 WL 22382955 (8th Cir. Oct. 20, 2003) (emphasis added). Moreover, to qualify for exemption, the plan must meet all three statutory requirements. *Id.* The Eighth Circuit Court of Appeals, in applying identical language under the Iowa exemption statute, held that the unfettered ability to withdraw money from any annuity or plan makes the rights to payment not "on account of illness, disability, death, age or length of service" and thus disqualifies the plan or annuity from exemption. *See Eilbert v. Pelican (In re Eilbert),* 162 F.3d 523, 527–528 (8th Cir. 1998); *Huebner v. Farmers State Bank, Grafton, Iowa (In re Huebner),* 986 F.2d 1222, 1224–1225 (8th Cir.1993), *cert. denied,* 510 U.S. 900, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993).

The debtor has unfettered access to the IRA accounts in dispute, and therefore such accounts are not payable "on account of illness, disability, death, age, or length of service." Since the debtor's IRA accounts here do not meet the second requirement of Minn.Stat. § 550.37, Subd. 24, the IRAs are not exempt.

The debtor argues that a finding that her IRAs are not exempt would nullify the state legislature's expressed intent to provide protection to a debtor's retirement savings in IRAs. I disagree. While some IRAs are exempt, not all are, just as some pension plans are exempt and some are not. The Minnesota Legislature added the requirement that payments under the plan be on account of at least one of the denominated factors. The debtor's argument is essentially that all IRAs are per se exempt, subject only to the dollar limitations. This is obviously inconsistent with the way the statute is written. If the legislature intended all IRAs to be exempt it would have been easy enough to say that.

Finally, the debtor argues that because the Minnesota Supreme Court in *Estate of Emlyn Jones v. Kvamme,* 529 N.W.2d 335 (Minn.1995), examined the predecessor statute to Minn.Stat. § 550.37, Subd. 24 in the context of its constitutionality under the Minnesota Constitution, I am bound by certain language in that case regarding the exemption of IRAs. I disagree. The Minnesota Supreme Court, in that case, held that because an earlier version of Minn.Stat. § 550.37, Subd. 24(1) contained no limit on the amount that may be accumulated in an IRA, the clause violated Minn. Const. Art. I, § 12.[1] *Id.* at 338. In dictum, the Minnesota Supreme Court went on to state:

---

1. Section 12 provides in part: "A *reasonable* amount of property shall be exempt from seizure or sale for the payment of any debt or liability..." Minn. Const. Art. I, § 12 (emphasis added).

Our holding today means that plans governed by ERISA will continue to be entirely exempt, whereas plans not covered by ERISA, like an IRA, will only be exempt up to an indexed $30,000, plus an amount reasonably necessary for the support of the debtor and the debtor's spouse or dependents.

*Id.* at 339. Read in isolation, this language appears to support the debtor. However, the court was not addressing the issue in this case and discussed IRAs in only the most general of terms. The Minnesota Supreme Court did not discuss whether IRAs were exempt "on account of illness, disability, death, age, or length of service." The Court merely acknowledged the different treatment of ERISA plans and non-ERISA plans when determining the amount exempted under the Minnesota exemption statute.

### *ORDER*

THEREFORE IT IS ORDERED:

The debtor's SEP–IRA account held at Schwab and her two IRA accounts at RBC Dain Rauscher are not exempt.