**Thomas Paul CLARK,
Debtor/Appellant,**

v.

**Dwight R.J. LINDQUIST,
Trustee/Appellee.**

No. A03–1951.

Supreme Court of Minnesota.

July 22, 2004.

Thomas F. Miller, Minneapolis, MN, for Appellant.

Patrick B. Hennessy, Best & Flanagan, LLP, Minneapolis, MN, for Respondent.

## OPINION

ANDERSON, RUSSELL A., Justice.

The United States District Court for the District of Minnesota certified to this court the following question of law: Does Minn. Stat. § 550.37, subd. 24 exempt funds in an Individual Retirement Account and/or an Individual Retirement Annuity, each as defined in Section 408 of the Internal Revenue Code, whether or not the debtor has unlimited access to the account balance? We answer the question in the affirmative.

The essential facts underlying the action that generated this certified question have been stipulated to by the parties. In February 2003, appellant Thomas Paul Clark filed a petition for relief under Chapter 7 of the Bankruptcy Code. Clark's household consisted of him and his wife, each age 55 at the time the petition was filed. Clark owned a "qualified individual retirement annuity" ("IRA"),[1] on which the return

1. We use the generic term IRA for both Individual Retirement Accounts and Individual

varied with the performance of the underlying stock and bond investments. The IRA met the requirements of I.R.C. § 408(b) as an individual retirement annuity. At the time of Clark's bankruptcy petition, the IRA had a net surrender value of approximately $107,500. The IRA was originally funded in 2001 when Clark resigned his position with a former employer and rolled over the balance of his 401K plan to this account. The IRA allowed Clark to withdraw funds at any time, up to the full principal amount of the annuity, less a surrender charge, which began at 6 percent and declined as the funds were left invested for several years. The IRA was also subject to applicable tax penalties for removing funds prior to age 59 1/2.

Clark claimed in his bankruptcy petition that the IRA was exempt from his bankruptcy estate under Minn.Stat. § 550.37, subd. 24, and the trustee, respondent Dwight Lindquist, objected to the claimed exemption. The bankruptcy court disallowed the exemption, concluding that the IRA was not exempt property. Clark appealed to the United States District Court for the District of Minnesota[2] and moved for certification of the question as to the extent to which IRAs are exempt from the estate of a debtor under Minnesota law. The federal district court granted the motion and certified the question before this court.[3]

Certified questions are questions of law that are reviewed de novo. *B.M.B. v. State Farm Fire & Cas. Co.*, 664 N.W.2d 817, 821 (Minn.2003). Construction of a statute, the underlying issue here, is also a legal issue subject to de novo review. *Martin ex rel. Hoff v. City of Rochester*, 642 N.W.2d 1, 9 (Minn.2002). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002).

Under the Bankruptcy Code, virtually all property in which a debtor has a legal or equitable interest at the commencement of the case is included in the bankruptcy estate. *See* 11 U.S.C. 541 (2004). But the code also includes a list of properties that may be exempted, 11 U.S.C. 522(d) (2004), and it allows states to establish separate exemption lists. *See* 11 U.S.C. 522(b)(2)(A) (2004). A debtor may choose either the federal exemption provisions or the state provisions unless the debtor resides in a state that has "opted out" of the federal exemptions. *See* 11 U.S.C. 522(b)(1) (2004). In that Minnesota has not "opted out," residents in this state may elect the federal exemptions included in section 522(d).

Pursuant to 11 U.S.C. § 522(d)(10)(E), a debtor may claim an exemption for

a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the

---

Retirement Annuities as there is no analytical difference between the two under Minn.Stat. § 550.37, subd. 24.

**2.** Pursuant to 28 U.S.C. § 158(c)(1)(A) (2004), an appeal from a bankruptcy court decision may be heard by the United States District Court if an election is filed.

**3.** Minnesota Statutes § 480.065, subd. 3 (2002), provides:

The supreme court of this state may answer a question of law certified to it by a court of the United States * * * if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state.

debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

Federal circuit courts have reached differing conclusions with respect to whether IRAs are covered by the federal bankruptcy exemptions. Some circuit courts hold that IRAs are not exempt where the debtor has the right to withdraw funds, at any time, subject only to early withdrawal tax penalties. *E.g., In re Rousey,* 347 F.3d 689, 693 (8th Cir.2003), *cert. granted sub nom. Rousey v. Jacoway,* —— U.S. ——, 124 S.Ct. 2817, 159 L.Ed.2d 246 (2004). These courts reason that because IRA funds are readily accessible, payments are not "on account of" illness, disability, death, age, or length of service and thus run afoul of the federal bankruptcy exemption statute. *See, e.g. id.* Other courts have held that IRAs are exempt notwithstanding the debtor's right to early withdrawal of funds from the IRA. *E.g., In re Brucher,* 243 F.3d 242, 243–44 (6th Cir. 2001). These courts reason that illness, disability, death, age, or length of service do not comprise an exhaustive list of factors that may trigger payment from an IRA and that the presence of additional factors does not destroy exemptibility. *See, e.g., id.*

In Minnesota, debtors may exempt from their bankruptcy estate the right to payments from "a stock bonus, pension, profit sharing annuity, individual retirement account, Roth IRA, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service." Minn.Stat. § 550.37, subd. 24(a). Accordingly, unlike the Bankruptcy Code, Minnesota expressly exempts funds in IRAs. Nevertheless, to comport with the state constitution, the exemption is subject to monetary limitations. *Estate of Jones by Blume v. Kvamme,* 529 N.W.2d 335, 339 (Minn.1995).[4]

In *Kvamme,* we concluded that an unlimited exemption for IRAs in a prior version of Minnesota's exemption provision violated the state constitution's "reasonable amount" requirement. 529 N.W.2d at 338. The statute at that time exempted IRAs

(1) to the extent the plan or contract is described in section 401(a), 403, 408, or 457 of the Internal Revenue Code of 1986, as amended, or payments under the plan or contract are or will be rolled over as provided in section 402(a)(5), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986, as amended; or

(2) to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 and additional amounts under all the plans and contracts to the extent reason-

4. Minnesota Statutes § 550.37, subd. 24 provides:

(a) The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, Roth IRA, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent of the debtor's aggre-

gate interest under all plans and contracts up to a present value of $30,000 [$54,000 under current indexing] and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

(b) The exemptions in paragraph (a) do not apply when the debt is owed under a support order as defined in section 518.54, subdivision 4a.

ably necessary for the support of the debtor and any spouse or dependent of the debtor.

Minn.Stat. § 550.37, subd. 24 (1994). The state constitution provides: "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law." Minn. Const. art. I, § 12. Because the first subsection of subdivision 24 did not require a court to limit the size of the exemption based upon objective criteria, we held that it violated Minn. Const. art. I, § 12, and severed it, leaving subsection 2 in effect. *Kvamme*, 529 N.W.2d at 338–39. In so doing, we explained that our holding meant that plans like an IRA would not be entirely exempt, but rather would "only be exempt up to an indexed $30,000, plus an amount reasonably necessary for the support of the debtor and the debtor's spouse or dependents." *Id.* at 339. We believed that this approach more fairly achieved the legislative aim of exempting retirement income so as "to insure that debtors, despite their debts, will nevertheless have a reasonable means to support themselves and their dependents" without at the same time allowing them to "shield assets over and above those necessary to support themselves and their dependents." *Id.*[5]

With regard to the matter currently before us, the trustee argues that to qualify for the exemption under Minn.Stat. § 550.37, subd. 24(a), the debtor's right to payment must be on account of illness, disability, death, age, or length of service, relying on a series of bankruptcy cases involving exemptions for annuities under state law and for IRAs under federal law.

*See Rousey*, 347 F.3d at 693; *In re Jenkins*, 300 B.R. 348, 349–50 (Bankr.D.Minn. 2003). This line of cases holds that to qualify for the exemption, the debtor's right to payment under the asset must be on account of illness, disability, death, age, or length of service and that future payments from the corpus of an IRA "are not 'on account of age' where debtors have unfettered discretion to withdraw from the corpus at any time subject only to modest early withdrawal tax penalties." *Rousey*, 347 F.3d at 693.

■   But it seems to us that our legislature clearly intended that IRAs generally be exempt by expressly listing them, in contrast to 11 U.S.C. § 522(d)(10)(E), which does not mention them by name. Furthermore, the debtor's access to the funds is not completely unfettered. Consistent with the legislative intent of the exemption, as articulated in *Kvamme*, the statute properly balances a debtor's need to access funds and the creditor's right to satisfy judgments. *Kvamme*, 529 N.W.2d at 339. The statute designates a minimum plan value that is protected from creditors. This amount is expressed as the present value of $54,000.[6] This initial amount is exempted without regard to need. Any claimed exemptions on amounts surpassing the present value of $54,000 are allowed only to the extent that they are "reasonably necessary for the support of the debtor and any spouse or dependent of the debtor." Minn.Stat. § 550.37, subd. 24(a). More importantly, the exemption statute aggregates all plans that fall under the purview of section 550.37, subdivision 24. The aggregating mechanism disables debtors from shielding large amounts of funds

---

5.   In 1999, the legislature amended the exemption statute to include Roth IRAs and to delete that portion of the statute held unconstitutional and severed in *Kvamme*, 529 N.W.2d at 339. Act of May 13, 1999, ch. 160, § 1, 1999 Minn. Laws 870.

6.   This amount is adjusted periodically according to the implicit price deflator for the gross national product compiled by the United States Department of Commerce. Minn.Stat. § 550.37, subd. 4a (2002).

from creditors by spreading retirement income over several accounts. These limitations, taken together, ensure that debtors may not permissibly exempt unreasonable amounts of retirement funds; and implicitly guarantees that debtors, despite their debts, will have reasonable means necessary to meet their financial needs. We therefore hold that an IRA, as defined by the Internal Revenue Code § 408, is exempt property under Minn.Stat. § 550.37, subd. 24, as limited by the terms of subdivision 24(a) to an indexed present value and sums reasonably necessary for the support of the debtor and the debtor's spouse or dependents.

Certified question answered in the affirmative.