## In re Ronald and Sarah ROBERTS, Debtors

### No. 03–15730.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Oct. 12, 2004.

## ORDER DISALLOWING DEBTORS' CLAIMS FOR EXEMPTIONS

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on the Trustee's objection to the Debtors' claims for exemptions (Docs.11, 71), MTGLQ's objection to the Debtors' claims for exemptions (Doc. 12), the Debtors' responses (Docs.18, 19.74) the parties' exhibits (Docs.72, 85), and trial exhibits. A hearing was held on September 28, 2004.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

The Trustee and MTGLQ both contend that the Debtors' pledge of certain stocks in individual retirement accounts (IRA) constitutes a distribution of those portions of the IRAs and that such a distribution renders the property non-exempt.[1] This is an issue of first impression.

---

1. The Trustee and MTGLQ raised other issues in their pleadings, however, they acknowl-

The Debtors claim that two IRA accounts in the Debtor husband's name in the amounts of $381,272 and $187,000 and one IRA in the Debtor wife's name in the amount of $96,111 are exempt under Ohio Revised Code § 2329.66(A)(10)(c). The Trustee and MTGLQ have objected to said claims of exemption regarding $500,000 worth of stock pledged by the Debtor husband and $28,000 worth of stock pledged by the Debtor wife as security for certain debts guaranteed by the Debtors in favor of Key Bank. The pledges were part of a financing package for the building of an I-MAX theater at a riverfront development known as Newport on the Levee.

■ As movants, the Trustee and MTGLQ have the burden of proof as to whether or not the property is exempt. *See* Bankruptcy Rule 4003(c).

■ The Debtors contend that MTGLQ has no standing to object to the Debtors' claim of exemption. We disagree. Bankruptcy Rule 4003 provides that a party in interest may object to a claim of exemption. A creditor is such a party in interest.[2] MTGLQ has filed a claim in the amount of $3,588,627. MTGLQ asserts that its claim is vastly undersecured and estimates that it represents 90% of the unsecured debt. There is no question that MTGLQ is a creditor and that MTGLQ has standing to object to the Debtors' claim of exemption.

Property is removed from the bankruptcy estate if the property is exempt. 11 U.S.C. § 522(b). Exemptions available to Ohio debtors are embodied in Ohio Revised Code $2329.66. IRAs are exempt under Ohio Revised Code § 2329.66(A)(10)(c).

■ Under 26 U.S.C. § 408(e)(4) of the Tax Code,

Effect of pledging as security. If, during any taxable year of the individual for whose benefit an individual retirement account is established, that individual uses the account or any portion thereof as security for a loan, the portion so used is treated as distributed to that individual.

From the clear language of the Tax Code, a pledge of funds in an IRA constitutes a distribution of the funds to the individual. The consequence under the Tax Code is that a taxable event has occurred. *See Lewis v. Bank of America*, 343 F.3d 540, 545 (5th Cir.2003). *See also Jones v. Kvamme*, 481 N.W.2d 94 (Minn. App.1992). The consequence under the Bankruptcy Code is that the funds are no longer considered to be IRA funds and therefore, that the funds are no longer exempt. *See Lewis*, 343 F.3d at 545 (pledging IRA funds as security for a loan converts IRA funds to "non-IRA" funds). This outcome is consistent with the general policy behind the exemption of an IRA, i.e., to protect a debtor's future income stream upon retirement. *In re Brucher*, 243 F.3d 242, 243 (6th Cir.2001)(discussing 11 U.S.C. § 522(d)(10)(E)). Stated otherwise, a debtor's pledge of his IRA as collateral for a loan, especially a business loan, is inconsistent with the need to protect that money as a future income stream for the debtor as against the debtor's creditors.

The Debtors contend that the Court should not allow a "tax" law to defeat a "bankruptcy" exemption. We disagree. An IRA is a federally created investment

---

edged at the hearing that this was the sole issue before the Court.

**2.** Prior to 2000, Bankruptcy Rule 4003(b) provided that the "trustee or any creditor" may object to a claim of exemption. The language was changed to "party in interest" to conform to 11 U.S.C. § 522(1).

vehicle with certain tax advantages. An IRA exists only because of the Tax Code. Therefore, we conclude that it is entirely appropriate to look to the Tax Code to determine whether or not an investment vehicle is an IRA in the first place or whether or not that investment vehicle has lost its status as an IRA.

The Debtors contend that they never intended to pledge the stock as collateral. The Debtor husband offered testimony at the hearing in this regard. Nevertheless, it is undisputed that both Debtors signed commercial pledge agreements wherein stocks in their IRAs were clearly listed as collateral. *See* Doc. 72. Therefore, we find that the Debtor husband's testimony not to be credible on this point and we conclude that this contention has no merit.

The Debtors also contend that they did not own the IRAs. This argument also has no merit. If the Debtors did not own the IRAs, they would not have listed the IRAs on their schedules and sought a claim of exemption with respect thereto.

■ We note that the Trustee has contended that the pledge of stock is unperfected. It is not necessary for the Court to address this issue at this time because any use of the IRA as a pledge of security serves to render it non-exempt. *See Jones*, 481 N.W.2d at 97 (party holding security interest need only have "some recourse" against property in the event of default). *See also In re Kochell*, 804 F.2d 84 (7th Cir.1986)("any use" of IRA funds triggers penalty tax, including use by bankruptcy trustee). It is well settled that unperfected security interests are enforceable as between the parties to the security agreement. Since MTGLQ has "some recourse" with regard to the pledged stock as against the Debtors, said stock is non-exempt.

Accordingly, we hereby GRANT the Trustee's and MTGLQ's objections to claims for exemptions and DISALLOW the Debtors' claims for exemptions with regard to $500,000 of the Debtor husband's IRA and $28,000 of the Debtor wife's IRA.

IT IS SO ORDERED.