**RUSSELL'S AMERICINN, LLC,**
**Plaintiff/Judgment Creditor,**
**Respondent,**

v.

**EAGLE GENERAL CONTRACTORS,**
**LLC, et al., Defendants/Judgment**
**Debtors,**

**Dale J. Werth, et al., Defendants/Judgment Debtors, Appellants.**

**No. A09–0013.**

Court of Appeals of Minnesota.

Sept. 15, 2009.

---

Michael C. Glover, Jason E. Engkjer, Kalina, Wills, Gisvold & Clark, P.L.L.P., Minneapolis, MN, for respondent.

John R. Neve, Neve & Associates, P.L.L.C., Minneapolis, MN, for appellants.

Considered and decided by WORKE, Presiding Judge; ROSS, Judge; and MUEHLBERG, Judge.*

## OPINION

WORKE, Judge.

Appellant Dale J. Werth challenges the district court's denial of his claim for exemption from attachment by a judgment creditor, arguing that (1) his individual retirement accounts are exempt from attachment under Minn.Stat. § 550.37, subd. 24(a); (2) the funds in his joint bank account with his son, appellant Bradley Werth, are exempt under Minn.Stat. § 524.6–203 (2008); and (3) the district

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

court made a clerical error that should be corrected. We affirm in part and reverse in part.

## FACTS

Respondent Russell's AmericInn, LLC, obtained a civil judgment against appellant[1] in Kansas, which was docketed in Washington County, Minnesota. Respondent served non-earnings garnishments on, among other things, an individual retirement account (IRA), a Roth IRA, and a bank account held jointly by appellant and his son. Respondent garnished $44,309 from the IRAs, and $18,939.50 from the bank account.

Appellant filed a claim of exemption, arguing that his IRAs were exempt under Minn.Stat. § 550.37, subd. 24(a), because the statute specifically lists IRAs and Roth IRAs as exempt accounts. Respondent countered that funds in an IRA are exempt only if they are the result of employment or self-employment earnings; appellant's IRAs were funded by a rollover from a Prudential Securities IRA investment account, and an inheritance.

Appellant also argued that the bank account was exempt under the Minnesota Multiparty Accounts Act (MPAA), Minn. Stat. §§ 524.6–201 to –214 (2008), because the account is jointly held with his son and served as a means to repay loans from his son. Respondent argued that appellant failed to show that the account was exempt because there was no evidence that the account was established for a particular purpose. Although the bank account was jointly owned, respondent pointed out that appellant failed to provide documentation showing that he only made deposits and never withdrew any funds, and that he actually received or deposited funds from the alleged loans. The district court found that appellant failed to meet his burden of proof and denied both claims. This appeal follows.

## ISSUES

I. Are a debtor's IRAs exempt under Minn.Stat. § 550.37, subd. 24(a) if the funds are not employment-related?

II. Did the district court err in determining that the joint bank account was not exempt under Minn.Stat. § 524.6–203?

III. Does the district court's identification of the amount in the joint bank account constitute a clerical error?

## ANALYSIS

### I

■ Appellant argues that his IRAs are exempt from garnishment under Minn. Stat. § 550.37, subd. 24(a). The interpretation of a statute is a question of law subject to de novo review. *Schons v. State Farm Mut. Auto. Ins. Co.*, 621 N.W.2d 743, 745 (Minn.2001). The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn.Stat. § 645.16 (2008). If the words in a statute are clear and unambiguous, the court must give effect to the plain meaning of the language. *Tuma v. Comm'r of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986).

In Minnesota, a debtor's property is subject to attachment unless a specific exemption applies. Minn.Stat. § 550.37 (2008). Certain property "is not liable to attachment, garnishment, or sale on any final process, issued from any court." *Id.*, subd. 1. "The burden of establishing that funds are exempt rests upon the debtor." *Id.*, subd. 20. Subdivision 24, entitled "Employee benefits," provides:

---

1. Appellant, as used in this opinion, refers to Dale J. Werth.

(a) The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, Roth IRA, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 [$60,000 under the indexing at the time of the garnishment] and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

*Id.*, subd. 24(a).

Appellant contends that because subdivision 24(a) expressly lists IRAs and Roth IRAs, his IRAs are exempt from garnishment up to the then-current exemption level of $60,000, regardless of the source of the funds. Respondent counters that the legislature intended to exempt funds derived from employment or self-employment earnings and appellant failed to show that the IRAs were derived from employment.

We conclude that the express language of subdivision 24(a) is void of any reference, let alone requirement, that funds be derived as a result of employment. It is true that some of the accounts listed in the statute arise out of employment and others require some taxable compensation before a contribution is permitted. But it is equally true that some of the accounts listed can be created and funded by an individual totally outside of an employment context. If it so intended, the legislature would have added language stating that the funds in these accounts are exempt only to the extent that they arise from employment. Absent language directing

us to do so, it is not the proper function of this court to recognize such a requirement. *See Reiter v. Kiffmeyer*, 721 N.W.2d 908, 911 (Minn.2006) ("[W]e will not read into a statute a provision that the legislature has omitted, either purposely or inadvertently.").

Respondent contends that the legislature's intent to link an exemption with employment can be inferred from the heading "Employee benefits." But the legislature has expressly directed that "[t]he headnotes printed in boldface type before sections and subdivisions in editions of Minnesota Statutes are mere catchwords to indicate the contents of the section or subdivision and are not part of the statute." Minn.Stat. § 645.49 (2008). While "headings are relevant to legislative intent whe[n] they were present in the bill during the legislative process," *Minn. Express, Inc. v. Travelers Ins. Co.*, 333 N.W.2d 871, 873 (Minn.1983), the heading "Employee benefits" was not part of the bill when the legislature added subdivision 24. *See* 1980 Minn. Laws ch. 599, § 8, at 1129. Therefore, it is inappropriate to use the heading as an indication of legislative intent.

Our conclusion that subdivision 24(a) does not require employment or self-employment is supported by the Minnesota Supreme Court's decisions in *Clark v. Lindquist*, 683 N.W.2d 784 (Minn.2004), and *Estate of Jones by Blume v. Kvamme*, 529 N.W.2d 335 (Minn.1995). Although the supreme court never reached the issue before us, its analysis on related issues supports our reading of the statute. In *Clark*, the supreme court considered the certified question of whether Minn.Stat. § 550.37, subd. 24 exempts funds in an IRA, as defined in Section 408 of the Internal Revenue Code, if the debtor has unlimited access to the account balance. 683 N.W.2d at 784. The trustee objected

to the debtor's claim that his IRA was exempt from his bankruptcy estate. *Id.* at 785. The Minnesota Supreme Court held that

> an IRA, as defined by the Internal Revenue Code § 408, is exempt property under Minn.Stat. § 550.37, subd. 24, as limited by the terms of subdivision 24(a) to an indexed present value and sums reasonably necessary for the support of the debtor and the debtor's spouse or dependents.

*Id.* at 788.

In *Kvamme,* the supreme court examined the constitutionality of the predecessor statute. 529 N.W.2d at 337–39. The court held that because subdivision 24(1) provided an unlimited exemption for an IRA, it violated the Minnesota Constitution and severed it from the rest of the statute. *Id.* at 338–39. The court explained that under the remaining language, accounts such as an IRA would not be entirely exempt, but rather would "only be exempt up to an indexed $30,000, plus an amount reasonably necessary for the support of the debtor and the debtor's spouse or dependents." *Id.* at 339. The supreme court reasoned that this approach produced a fair result, achieving the legislative desire of exempting retirement income so as "to insure that debtors, despite their debts, will nevertheless have a reasonable means to support themselves and their dependents[ ]" without allowing them to "shield assets over and above those necessary to support themselves and their dependents." *Id.* Neither *Clark* nor *Kvamme* condition the exemption on the existence of employment earnings. Indeed the holding in *Clark* is stated broadly: "an IRA, as defined by the Internal Revenue Code § 408, is exempt property under Minn.Stat. § 550.37, subd. 24." 683 N.W.2d at 788. Furthermore, both cases underscore that the legislative intent was to protect some retirement income so that debtors, despite their debts, would have a reasonable means of support.

Respondent relies on language from *Westinghouse Credit Corp. v. J. Reiter Sales, Inc.,* 443 N.W.2d 837 (Minn.App. 1989), to argue that funds in an IRA must be employment-related before the exemption applies. In *Westinghouse,* this court examined whether a debtor's unfunded and unqualified deferred compensation plan is exempt under subdivision 24. 443 N.W.2d at 839. We held that the plan was not exempt because it was not sufficiently similar to those enumerated in the statute. *Id.* at 840. The court stated that "[b]enefits which are exempt under subdivision 24 are those derived from an employment relationship or from self-employment endeavors." *Id.* at 839 (citing *In re Raymond,* 71 B.R. 628, 630 (Bankr.D.Minn. 1987)). But as in *Clark* and *Kvamme,* the *Westinghouse* account was employment-related and the court did not need to reach the issue now before us. And because the statement is not necessary to the holding, it is dicta, and not binding to this matter. *See State ex rel Foster v. Naftalin,* 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956) (stating dicta is not binding in later cases).

Respondent also cites several federal bankruptcy cases and an Eighth Circuit decision. These cases are neither binding nor persuasive. The federal cases rely on *Raymond,* and some scrutiny of *Raymond* is appropriate. First, it appears that the heading influenced the court in *Raymond.* 71 B.R. at 630 (stating that although the heading "Employee benefits" is not part of the statute, it indicates the legislatures' intent). Moreover, *Raymond* relied on *In re Schuette,* 58 B.R. 417, 421 (Bankr. D.Minn.1986), which began its analysis "[a]s amended in 1985, [Minn.Stat.] § 550.37, subd. 24 defines the *employee benefits* of a debtor which are exempt as

follows...." (Emphasis added.) As previously discussed, the statute is void of any mention of employment other than the heading.

Second, *Raymond* concluded that 29 U.S.C. § 1002(2)(A) indicates congressional intent to tie contributions to employment, and because subdivision 24 paralleled the congressional statute, the Minnesota legislature had a similar intent. 71 B.R. at 630. Subdivision 24 may parallel section 1002(2)(A), but section 1002(2)(A) is part of the Employee Retirement Income Security Program of 1974 (ERISA), which by its nature requires an employment relationship, and funds in a qualified ERISA plan are entirely exempt from creditors. *Kvamme*, 529 N.W.2d at 339. It is counterintuitive, however, to rely on a statute that requires an employment relationship and totally exempts the funds in those accounts from creditors, and compare it to a statute that does not even mention employment.

The court in *Clark* took a more logical approach, and instead of searching ERISA for definitions, compared subdivision 24 to 11 U.S.C. § 522(d)(10)(E), which lists properties that may be exempted under federal bankruptcy law. 683 N.W.2d at 785–88. Because the Minnesota statute expressly lists IRAs, while the federal statute does not, the court determined that the legislature intended to exempt IRAs subject to the monetary limitations of subdivision 24(a). *Id.* at 787. The court reasoned that its reading of the statute "implicitly guarantees that debtors, despite their debts, will have a reasonable means necessary to meet their financial needs." *Id.* at 788. We agree that the *Clark* court's logic and reasoning capture the legislative intent with respect to subdivision 24(a). We conclude that Minn.Stat. § 550.37, subd. 24(a) expressly exempts

IRAs and does not require that funds be derived from employment. Therefore, amounts garnished from appellant's IRAs remain the property of appellant and shall be returned to him.

## II

■ Appellant also argues that the district court erred in determining that the joint bank account was not exempt. "When reviewing mixed questions of law and fact, we will correct erroneous applications of law, but accord the [district] court discretion in its ultimate conclusions and review such conclusions under an abuse of discretion standard." *Langford Tool & Drill Co. v. Phenix Biocomposites, LLC,* 668 N.W.2d 438, 442 (Minn.App.2003) (quotation omitted). "A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." Minn.Stat. § 524.6–203(a). In a dispute between parties over a multiparty account and their creditors, funds in a joint account belong to the parties in proportion to their net contributions. *Id.* A party's net contribution is the amount of money deposited by or for him, less withdrawals made by or for him. *Id.*

■ Although Minn.Stat. § 524.6–203 provides that funds in a joint account belong to the parties in proportion to their net contributions, the account contract defines the parties' power to withdraw funds. Minn.Stat. § 524.6–202. "Under the MPAA, a joint account holder does not, without evidence of a contrary intent, own funds contributed by another party to the account." *Enright v. Lehmann,* 735 N.W.2d 326, 335 (Minn.2007). Even when a joint account holder has the power to withdraw funds he did not contribute, he exercises dominion over those funds only

with the consent of the contributing party. *See, e.g., Brennan v. Carroll,* 260 Minn. 521, 533, 111 N.W.2d 229, 237 (1961) (affirming the district court's decision to allow a decedent's estate to recover funds contributed to a joint account by the decedent and withdrawn by decedent's sister because the decedent did not intend to make a gift to his sister).

Appellant argues that the funds in the joint account are exempt because there is clear and convincing evidence that the account was established to allow him to repay loans made to him by his son. But other than the affidavits of appellant and his son, there is no evidence demonstrating that the funds were owned by appellant's son. The record does indicate, for example, that appellant's son paid income taxes on the interest earned by the funds in the joint account, and there are promissory notes between appellant and his son. But appellant offered no documentary evidence that he actually received loans from his son. In addition, there is no evidence, other than the affidavit statements, that appellant and his son intended to use the account to repay loans. It is undisputed that appellant was the only party to contribute funds to the bank account, but there is no documentation showing whether appellant withdrew any funds from the account. Because appellant failed to demonstrate by clear and convincing evidence that the funds in the bank account were intended for his son's use, the district court did not err in denying appellant's claim of exemption.

## III

Appellant also argues that the district court's order identifying the amount in the bank account as $18,939.50 constitutes a clerical error, suggesting that the correct amount is $18,035.06. The district court may correct clerical mistakes "at any time upon its own initiative or on the motion of any party and after such notice, if any, as the court orders. *During the pendency of an appeal, such mistakes may be corrected with leave of the appellate court.*" Minn. R. Civ. P. 60.01 (emphasis added). Under rule 60.01, the district court must order corrections. *Id.* Appellant has not requested leave from this court to seek a correction by the district court. We conclude that neither party is precluded from moving the district court to correct any alleged error.

## DECISION

Under Minn.Stat. § 550.37, subd. 24(a), a debtor is entitled to exempt funds in IRA accounts from creditors up to the indexed present value limit plus any sums reasonably necessary for the support of the debtor and the debtor's spouse or dependents, and the exemption is not conditioned on whether the funds are employment-related. We therefore reverse the district court's order denying appellant's claim of exemption for the IRAs. We affirm the district court's order denying appellant's claim of exemption for the joint bank account. Neither party is precluded by this opinion from moving the district court to correct any alleged clerical error.

**Affirmed in part and reversed in part.**